CASE 105—ACTION FOR AN INJUNCTION.—MARCH 6.

# Graham, &c. v. Jackson, &c.

APPEAL FROM ALLEN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. AFFIRMED.

SCHOOLS AND SCHOOL DISTRICTS—RESIGNATION OF TRUSTEE—ADMINISTRATION OF OATH TO TRUSTEE.

Held: 1. Neither a parol resignation by a school trustee nor a written resignation, to which his name was signed by another, is valid.

2. Where a school trustee took the oath of office before the county superintendent, the failure of the record of the superintendent to show that fact does not deprive the trustee of his right to the office.

GILLIAM & OLIVER, ATTORNEYS FOR APPELLANTS.

In this suit the plaintiffs seek an injunction against Wilson Graham restraining him from teaching the common school in district No. 52 in Allen county.

The petition avers that he is a trespasser and interloper without authority to teach said school, and that plaintiff, Miss Mollie Slate, is the duly elected teacher authorized and employed by the trustees and entitled to the use of the house as teacher, and the emoluments of the position.

W. R. Jackson and T. F. Hood are joined in the petition as co-plaintiffs with Miss Slate, with the averments that they were

Graham, &c. v. Jackson, &c.

two of the duly elected and qualified trustees of said school district, and by their votes at an election duly held voted for and elected Miss Slate as teacher.

Walter Whitney, Thomas Reynolds and E. W. Oliphant were joined as co-defendants with W. R. Graham with the averment that Olephant was one of trustees but that neither Whitney nor Reynolds was a trustee.

W. R. Jackson was elected trustee in October, 1900, but the contention of appellant is that he never qualified as such.

T. F. Hood was appointed January 1, 1901 and served until March 1901, when he resigned and T. S. Reynolds was appointed in his stead.

The question raised is, that as Hood did not present a written resignation at the time, and afterwards came in and demanded that he act as trustee, that he should still be recognized as such, and that Reynolds therefore is not a legal trustee.

Graham was employed to teach the school by E. W. Oliphant, an old trustee, whose authority is not disputed, and by T. S. Reynolds who was appointed in Hood's place, and Walter Whitney an old hold-over trustee.

The contention of appellant is that Whitney was a legal trustee by reason of his election in 1894, and would hold until his successor was elected or appointed and qualified, and Jackson having never qualified, Whitney was still the legal trustee.

Jackson claims to have been sworn in as trustee by the superintendent on the street, but no record of it appears in the superintendent's office.

Under these facts we contend that Graham is the legally elected teacher, and that the judgment of the lower court, holding otherwise, should be reversed.

W. C. GOOD AND J. S. CARPENTER, ATTORNEYS FOR APPELLEES.

Appellants rely and seriously insist upon but two points, in issue, upon which they ask a reversal.

1. That W. R. Jackson, one of the trustee, who signed appellee Slate's contract, was never qualified as such trustee, and,

2. That T. F. Hood the other trustee who signed said contract, resigned his position as such, before said contract was executed and that the county superintendent appointed T. S. Reynolds in his stead.

(1). The evidence shows that Jackson was sworn by the superintendent of schools on the street soon after his election, but that no record was made of it in the superintendent's office.

(2). The record in this case shows, that Hood resigned verbally as trustee, but that the superintendent did not accept his resignation until after Hood had reconsidered and notified the superintendent that he would hold his office and after being so notified the superintendent appointed Reynolds.

The law requires that all such resignations shall be in writing. There was a written resignation produced on the trial, but it was shown not to have been signed by Hood.

Under the facts in this case we insist that Jackson and Hood were legally in office as trustees when they signed the contract of Miss Slate as teacher and that the judgment of the lower court should be affirmed. Davis v. Connor, 21 R., 658; Kentucky Statutes, sec. 1530.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

This is an action for an injunction, instituted by appellees Jackson and Hood, claiming to be trustees of common school district No. 52 in Allen county, and Mollie Slate, claiming to be the regularly employed teacher of that school against E. W. Oliphant, an admitted trustee of that district, and Walter Whitney and Thos. Reynolds, claiming to be trustees, and Wilson Graham claiming to be teacher, in that district. It is sought to restrain appellants from the use of the school house or in any way interfering with the appellee Slate in conducting the common school for the school year ending June 30, 1902. The determination of the question depends on a decision of who were the legal trustees. It being admitted by both sides that Oliphant is one, the contest is as to the other two. Oliphant, with Whitney and Reynolds, employed appellant Graham, while appellees Jackson and Hood employed appellee Slate, to teach the school. On the trial below the court determined that the board of trustee consisted of Oliphant, Jackson, and Hood, and that the employment of Miss Slate by a majority was legal, and that she was authorized to teach the school, and entitled to the school house for that pur-

pose, and enjoined appellants from interfering with her or the house during the school session for the year ending June 30, 1902. To reverse that judgment this appeal is prosecuted.

The facts admitted by all parties are that Oliphant is a legal trustee; that Jackson was regularly elected trustee in October, 1900, to succeed Whitney; that Hood was regularly appointed a trustee in January, 1901, to fill a vacancy. The contest between Jackson and Whitney for one place arises over a dispute as to whether Jackson ever qualified—took the oath of office—as trustee, it being claimed by appellant that he did not, and that Whitney held over. By appellees it is claimed that Jackson took the oath of office before the county superintendent. The contest between Hood and Reynolds, for one place arises over an alleged resignation of Hood and the appointment by the county superintendent of Reynolds. It seems to be admitted that Hood never presented his resignation in writing, but a paper purporting to be his resignation was presented to the county superintendent, and the appointment was made. It is admitted that Hood never signed this paper, but that it was written, or at least signed, by Reynolds, who testifies he had been authorized so to do by Hood. The case of Davis v. Connor (21 R., 658) 52 S. W., 945, is decisive of the question as to the verbal resignation of a trustee. The court there held, by the present chief justice, that a verbal resignation was not a resignation, and did not create or cause a vacancy in the office, and an appointment by the county superintendent to fill the supposed vacancy gave no rights to the appointee. The written resignation signed by Reynolds as that of Hood was void, and added nothing to the verbal resignation. There is some question made as to whether he did not in fact withdraw his

verbal resignation before the appointment of Reynolds, but in view of the case supra that is immaterial. We are of opinion and hold on the authority of the Davis Case that Hood was a legal trustee, never having resigned. The only question as to Jackson is whether he took the oath of office before he made the contract with Miss Slate. On this question Jackson testifies clear and explicit that he took the oath of office before the county superintendent, Lewis, giving the time and place where the oath was administered. The superintendent testifies that he has no recollection of administering the oath of office to Jackson, and that he has no record of such fact being done. The record of the superintendent shows that on June 12, 1901, Jackson appeared, and claimed to have been elected, and that he had been sworn in as trustee by the superintendent on the street, and the superintendent failed to make a record of the fact, and failed to call to mind the time or circumstance. This record bears date before the employment of Miss Slate or of appellant Graham. Jackson testifies that on that occasion in June he said to the superintendent, if there was any doubt about his having been sworn, he would again take the oath of office, but it was not again administered, only the record made. It is admitted that Jackson was duly elected by the people to succeed Whitney, whose term expired. We conclude from the proof that Jackson took the oath of office as trustee, and thereby became a legal trustee succeeding Whitney. His title to office did not depend on the record made by the county superintendent, but on the fact of his taking the required oath of office after his election. This fact being shown, and coming to the knowledge of the county superintendent, he was bound to recognize Jackson as a trustee, which it seems he did on June 12, 1901, by the entry on the record of that date. The oath

of office having been administered by the county superin-
tendent, it was his duty to make the proper record of the
fact, and his failure to do so would not deprive Jackson
of his right to the office. We are therefore of the opinion,
as was the trial court, that Jackson and Hood were le-
gal trustees at the time they employed Miss Slate to teach
the school, and, being a majority of the board, they had
a right to make a valid contract at a regular meeting for
that purpose. It being admitted that Miss Slate was qual-
ified to teach, having a first-class certificate, the contract
made by her with appellees is valid, and authorizes her
to teach the common school in that district for the school
year ending June 30th, 1902.

The judgment of the lower court is therefore affirmed.