CASE 68.—MANDAMUS PROCEEDING BY SUSAN LUCAS AGAINST HARDIN GILBERT TO COMPEL HIM AS COUNTY SUPERINTENDENT OF SCHOOLS, TO PAY HER SALARY AS TEACHER.—February 11, 1908.

## Gilbert v. Lucas.

Appeal from Carter Circuit Court.

From the judgment granting the writ, respondent appeals.—Affirmed.

1. Officers—Term—Determination.—Where two school trustees were elected at the same time to fill a two and a three year term, and the statute indicated no method of determining which trustee was elected for the longer term, an agreement between the trustees-elect was a proper method of deciding the question, and the fact that one of the trustees received a larger number of votes did not entitle him to the longer term.

2. Schools and School Districts—Trustees—Election and Quali-fication—Record of Election by County Superintendent.—Where a school trustee was elected to a three-year term as trustee, and his election was certified to the county superin-tendent, it was not invalidated by the latter's failure to re-cord his election as being for the three-year term.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellee, Susan Lucas, a school teacher hold-ing a first-class certificate, was employed by J. P. Strother and Wm. Thomas, two of the trustees of Common School District No. 25 of Carter county, to teach the school thereof for a term of five months, beginning August 1, 1906. The contract of employ-ment is evidenced by a writing of date July 11,

1906, duly signed by the parties, and was made on that day at a meeting of the trustees held at the schoolhouse pursuant to a call and notice previously made and given by J. P. Strother, chairman of the board of trustees. Joseph Thomas, the third trustee of the district, though notified of the time, place, and object of the meeting, failed to attend. Pursuant to the contract referred to, appellee began the school in District No. 25 at the time agreed upon, and conducted it for and during the term of five months. At the end of the month of August, 1906, she demanded of appellant, Hardin Gilbert, county superintendent of schools of Carter county, the salary due her from the state as teacher for the month of August amounting to $72, which he refused to pay. Appellee thereupon filed her petition in the court below for a writ of mandamus, which the court was asked to award her against appellant to compel the payment by him of the salary due her for the August teaching. The facts constituting appellee's cause of action were properly set forth in the petition. Appellant's answer contained a traverse, and in addition alleged that appellee's employment as teacher was illegally made; that Wm. Thomas was not at the time a trustee of School District No. 25, and J. P. Strother, the trustee who attempted to act with him, was without authority to employ appellee alone; that the other two trustees of the district at the time were Joseph Thomas and Nathan Barrett, neither of whom was present when appelllee's alleged employment as teacher was effected, or took any part therein. The affirmative matter of the answer was controverted by reply, and the cause submitted upon the pleadings, and also the pleadings and certain affidavits which had been taken and used in an action previously

brought by Maude Biggs against J. P. Strother and others in the same court to obtain an injunction to restrain appellee, Susan Lucas, from teaching the school in District No. 25, under her employment from Strother and Wm. Thomas. The lower court rendered judgment granting the writ of mandamus prayed for by appellee, thereby directing appellant to pay her $72 salary for teaching the school through the month of August, 1906. Appellant complains of the judgment, and by this appeal seeks its reversal.

The plaintiff in the previous action of Biggs against Strother, etc., set up claim to the school in District No. 25, and the right to teach it under a contract alleged to have been made July 1, 1906, with Nathan Barrett and Joseph Thomas, as trustees, whereby it was claimed they employed her as teacher thereof for the same five months it was taught by appellee. Appellee, Susan Lucas, J. P. Strother and William Thomas, defendants in that action, resisted the plaintiff's right to the school, and set up appellee's right thereto upon the same grounds relied upon in the case at bar. On submission of the case of Biggs v. Strother, etc., the court below entered judgment refusing the plaintiff the relief sought and dissolving the temporary injunction issued at her instance when the action was instituted. From that judgment no appeal was prosecuted. The entire record in that case was filed as an exhibit in the case at bar, and introduced as evidence on the trial thereof as before indicated. The decision of both causes turned upon whether Wm. Thomas or Nathan Barrett was legally acting as trustee of School District No. 25 in employing a teacher for the term beginning August 1, 1906. If Wm. Thomas was a trustee, appellee. by virtue of her contract made with him and J. P. Strother, was

entitled to teach the school.  If Barrett was the trustee, Miss Biggs, under the contract she made with Barrett and   Joseph   Thomas, was entitled to the school.

It appears from the evidence that an election for school trustee in District No. 25 was held in October, 1903.  Wm. Thomas and Ike Conley were duly elected.  The election of two trustees at that time was necessary—one for a term of three years beginning July 1, 1904, and the other for a term of two years, beginning July 1, 1904.  At the close of the poll the question  as  to  which of the two trustees elected should serve the longer term of three years arose, but was settled by Thomas and Conley agreeing that the former should serve as trustee three years and the latter two.  The officers of election at once certified and mailed to the county superintendent the election of Thomas as trustee for the term of three years and that of Conley for two years.  Thereafter and within the  time  prescribed  by statute, both Thomas and Conley duly qualified, and at the proper time entered upon the discharge of their duties as such trustees; and the fact that they had duly qualified was properly certified to the county superintendent.  At the regular annual election for school trustees held in October, 1904, J. P. Strother was duly elected a trustee of School District No. 25 for a term  of three years, beginning July 1, 1905, and thereafter as required by law duly qualified and entered upon the performance of his duties as such trustee, which was duly certified to the county superintendent.  Some time in the year 1905 Conley abandoned the office of school trustee to which he had been elected in School District No. 25, and removed to the State of Ohio. No effort was then, or while the vacancy continued,

made by the county superintendent to fill it by the appointment of another as trustee, and at the annual election in October, 1905, Joseph Thomas was duly elected trustee by the voters of School District No. 25 for a term of three years, and he also seems to have duly qualified, which was certified to the county superintendent. So on July 1st, when Miss Biggs claims to have been employed as teacher of the school in District No. 25, and on July 11th, when appellee was employed to fill that position, the three legally elected, qualified, and acting trustees were Wm. Thomas, J. P. Strother and Joseph Thomas. The term of the first did not expire until the 30th of June, 1907; that of the second will not expire until June 30, 1908; and that of the third on June 30, 1909. There was then no vacancy in the office of school trustee in District No. 25 to be filled at the time of the attempted appointment of Barrett by appellant.

It does not appear from the record when Joseph Thomas qualified or entered upon the duties of the office of trustee. If he was required to do so immediately after his election, it follows that the vacancy occasioned by the abandonment of the office by Conley ceased upon the happening of that event. If, however, his qualification took place on or before June 1st succeeding his election, and he took possession of the office July 1st following, as provided by sections 4434-4436, Ky. St 1903, it would then seem to follow that when the county superintendent attempted in June, 1906, to appoint Barrett, even if such appointment was made early in June as claimed, it could have given Barrett the right to serve no longer than June 30th, for Joseph Thomas, if he did not do so earlier, was inducted into office July 1st. So in any event, Barrett was not a trus-

tee when he and Joseph Thomas attempted to employ Miss Biggs, and therefore the contract they made with her was invalid. It is not, however, claimed by appellant that Barrett was appointed to fill the vacancy created by the removal from the district of Conley; but it is his contention that it was to fill a vacancy created by the expiration of Wm. Thomas' term of office. In other words, he insists that, when Wm. Thomas and Conley were elected trustees in October, 1903, Conley was elected to the three-year term, and Thomas to the term of two years, and this he claims was because Conley got a greater number of votes than did Thomas. This contention is unsound. The statute does not provide that where two trustees are to be elected at the same time the one receiving the highest number of votes shall serve the longer and the other the shorter term. The statute is silent on the subject, and this being true, and the voters failing to indicate who should take the longer term, there could be no more satisfactory way of determining the matter than by agreement between the trustees-elect, and in the case of Hobbs v. Uppington, 89 S. W. 128, 28 Ky. Law Rep. 131, this court gave its approval to such settlement of a similar case.

It appears from the testimony of the election officers and that of Wm. Thomas and Conley that the adjustment by which Wm. Thomas secured the term of three years was not only agreed to, but insisted upon by Conley, and that it was certified by the election officers to appellant. Moreover, proof that Thomas' election to the longer term had been reported to and accepted by appellant was established beyond doubt by his giving a writing to some of the voters of the District No. 25 immediately before the election of Jo-

seph Thomas as trustee in October, 1905, in which he declared that Wm. Thomas had been elected for the term of three years. Obviously this writing was given to authorize the election of Joseph Thomas to take the place of Conley, and to convince the voters of the district that the election of a trustee at that time to succeed Wm. Thomas would be improper, as his term of office would not end until June 30, 1907. The failure of appellant to enter upon the records of his office the fact that Wm. Thomas had been elected to the term of three years did not affect the transaction, or impair the validity of the method by which the result was reached. In Graham v. Jackson, 112 Ky. 883, 66 S. W. 1009, it was held that, where a trustee was duly elected and took the oath of office before the county superintendent, he thereby became a legal trustee, and it was the duty of the county superintendent to make a proper record of his so qualifying; but his failure to do so did not deprive the trustee of his right to the office.

It is our conclusion, therefore, that when appellee was employed on July 11, 1906, to teach the school in District No. 25, in Carter county, Wm. Thomas, J. P. Strother, and Joseph Thomas were the legal trustees of the district, and as appellee was employed by a majority of the trustees (Wm. Thomas and J. P. Strother), and at a meeting called for that purpose, of which the third trustee (Joseph Thomas) had previously received notice, the contract was binding upon the trustees, the district, and county superintendent. In view of which, and the further fact that appellee's salary for the month of August had been received from the state by the superintendent before she demanded it of him, we think the circuit court properly granted the mandamus asked.

Wherefore, the judgment is affirmed.