John B. BLACKBURN, Judge, Paducah, Kentucky, Police Court, Appellant,

v.

CITY OF PADUCAH et al., Appellees.

Court of Appeals of Kentucky.

March 28, 1969.

Rehearing Denied June 27, 1969.

James W. Owens, Chas. A. Williams & Associates, William Graves, Paducah, J. Wendell Roberts, Marion, for appellant.

Samuel S. Boaz, Paducah, for appellees.

CLAY, Commissioner.

This suit was brought by appellant for a declaration of rights and for injunctive and other relief. The Chancellor dismissed appellant's claim and we affirm.

Appellant was the duly elected and acting police judge of the City of Paducah in 1968. On September 30 of that year appellant telephoned a message to the Western Union office. It was recorded by an employee of an answering service which at that time accepted Western Union messages. It was addressed to the Mayor of Paducah (who had the appointing authority to fill a vacancy). The telegram as ultimately transcribed was as follows:

"BY THIS TELEGRAM HEREBY ACCEPT MY RESIGNATION AS CITY JUDGE EFFECTIVE THIS DATE POLITICAL MATTERS MADE THIS NECESSARY AND I DO NOT WISH TO HARM CLOSE POLITICAL ALLIES AT THE PROPER TIME ENTIRE CIRCUMSTANCES WILL BE REVEALED."

"JUDGE JOHN B BLACKBURN"

The following day this message was received by the Mayor and he telegraphed his acceptance of the resignation. Two days later at a called meeting of the Board of Commissioners of the city the resignation and acceptance telegrams were accepted, approved and filed. Subsequently the Mayor appointed another police judge to fill the vacancy, which appointment was accepted by the Board of Commissioners. When appellant later attempted to act in this capacity he was arrested, and a bitter political controversy resulted in this lawsuit.

There are other facts which we will discuss later in this opinion but what we have recited above presents the basic issue in the case. The question is whether the telegraphed message was a sufficient writing to constitute a tender of a resignation under KRS 63.010. That statute provides in part:

"All resignations of office shall be tendered *in writing* to the court or of-

ficer required to fill the vacancy, and received and recorded by the court or officer in its or his record." (Emphasis added)

Appellant takes the position that a phoned-in telegram is simply a recording of hearsay and that it does not constitute a "writing" properly executed by the officer which the statute contemplates. Reliance is placed upon Graham v. Jackson, 112 Ky. 883, 66 S.W. 1009. In that case the resignation of a school trustee appeared on a paper which admittedly had not been signed by him but had been signed by his appointed successor in office. The only ground we can find in the opinion which justified the holding that the officer had not submitted his resignation in writing is that the officer *had not authorized* the submission of this paper as his written resignation. The situation in the case before us is exactly the opposite.

There is no magic in the requirement of the statute that a resignation be tendered in writing. As said in Commonwealth ex rel. Wootton, Atty. Gen., v. Berninger, 255 Ky. 451, 74 S.W.2d 932, 95 A.L.R. 213, (which involved the acceptance of a resignation) it is important that a "written recorded memorial of the officer's action" be made so as to avoid controversy. That is one of the reasons a *verbal* resignation is not acceptable. Davis v. Connor, 21 Ky. Law Rep. 658, 52 S.W. 945; Graham v. Jackson, 112 Ky. 883, 66 S.W. 1009. As defined in Webster's New International Dictionary, Second Edition, a "writing" is:

"Specif., act, art or product of forming letters or characters on paper, wood, stone, etc., to record the ideas which characters and words express, or to communicate them by visible signs; use of characters to record in visible form words or sounds; * * *."

■ Typewriting and printing are kinds of "writing". Anderson v. Commonwealth, 275 Ky. 232, 121 S.W.2d 46. Of course a telegram is a writing. Selma Sav. Bank v.

Webster County Bank, 182 Ky. 604, 206 S. W. 870, 2 A.L.R. 1136. How the telegraphic message is communicated to the transcriber is not significant. (A written dictated letter originates orally.) It is the end product which the statute requires to be in writing.

There is no question here, as appeared in the Graham case, that appellant selected, directed and authorized the telegraphic message as his own written memorial of his intention to resign from public office. He chose the Western Union agency to transmit this written message and he certainly intended it as his official notification of his resignation in compliance with the law.

The statute does not require that the written resignation be *signed* by the officer. Apparently it is necessary that the office holder submitting his resignation be identified by name, but the *authenticity* of the written notice is the important consideration. Even if a signature was required, we have that here.

■ In legal contemplation the signing of an instrument means attaching a name or causing it to be attached by any of the known methods of impressing the name on paper with the intention of signing it. Lamaster v. Wilkerson, 143 Ky. 226, 136 S.W. 217. A rubber stamp impression may constitute a signature. Wurts v. Newsome, 253 Ky. 38, 68 S.W.2d 448. A party may adopt a signature written by another and it may be typewritten or printed. Pardue v. Webb, 253 Ky. 838, 70 S.W.2d 665. Under the negotiable instruments law it was held that a telegram constituted an acceptance of a bill which the statute required to be "in writing and signed by the drawee". Selma Sav. Bank v. Webster County Bank, 182 Ky. 604, 206 S.W. 870, 2 A.L.R. 1136. In that case it was observed that a telegram satisfies the requirement of the statute of frauds.

It seems to us that the requirement of a writing in the statute before us has the same objective as the statutes considered in

the foregoing cases. It is simply for the purpose of recording a specified course of action to which a person intentionally commits himself. In State ex rel. West v. Breckinridge, 34 Okl. 649, 126 P. 806, the controversy involved a statute very similar to ours and a similar telegram. The court there observed (page 808):

"The sufficiency of the telegram is also challenged, but its purpose and the intention of defendant, to relieve himself of the obligations of the office of county attorney, seem to be so obvious as to need neither analysis nor extended consideration."

Perhaps we have belabored the obvious too much. Here appellant selected the medium for the transmittal of his message, composed its content and authorized his signature thereto. It is difficult to understand how he can now question the legal efficacy of the written instrument he had drafted for the sole purpose of tendering his resignation. The telegram constituted compliance with KRS 63.010.

Appellant raises the question that the telegram as written and delivered varied somewhat from the message he had given over the telephone in that he intended his resignation to become "effective on date after November election" rather than "effective this date". There was almost overwhelming proof that the recorded message was the one he intended, and the trial judge specifically so found. There was testimony that on the day he sent the message he told two persons other than the person who recorded it that he was resigning effective immediately. It also seems rather strange that he would select a telegraphic message on a Saturday night to advise of an intention to resign at a later date. In any event, appellant does not deny that he intended to resign, and his overriding argument is that his telegram was legally insufficient to accomplish that purpose in any respect. The trial court and we have reached the opposite conclusion. The effective date was incidental (involving a matter of a few weeks), but on that disputed issue we cannot find the trial court's finding was clearly, or at all, erroneous.

It is further contended that appellant withdrew his resignation, but there is nothing in this record to support such an assertion. Appellant refers to a letter written by a lawyer on behalf of his sister, dated three days after the telegraphic communication, wherein the legal efficacy of the telegraphic resignation was questioned. This communication was not from appellant, nor was it authorized by him, nor did it purport to *withdraw* his resignation. It may be observed that the resignation could not be withdrawn after acceptance. Hogg v. Miller, 298 Ky. 128, 182 S.W.2d 242.

Appellant raises other incidental questions which have so little substance or bearing on the basic controversy that we do not deem it necessary to discuss them.

The judgment is affirmed.

MONTGOMERY, C. J., and MILLIKEN, PALMORE and STEINFELD, JJ., concur.

EDWARD P. HILL and REED, JJ., dissent.

OSBORNE, J., not sitting.

EDWARD P. HILL, Judge (dissenting).

The right of a public officer to resign is not an absolute right. It is secondary to the interest of the public. The statute requiring a resignation to be in writing contemplates it must be signed by the person attempting to resign. There is an impelling reason to require a literal and strict compliance with the statute. Failure to require strict compliance opens the avenues to fraud, mistake, and undue influence.

I would apply strict rules of construction in the present case. Therefore, I dissent.

REED, J., joins in this dissent.