## Settle v. Smith.

(Decided September 21, 1911.)

## Appeal from the Owen Circuit Court.

1.  Attorney—Suspension From Practice—Supersedeas.—Where an attorney was ordered to pay his client $275, and suspended from practice until the money was paid, a supersedeas of so much of the judgment as suspends him from practice will be discharged. The supersedeas should be of the whole judgment so that the bond will protect the client.

2.  Appeal—Redocketed by Appellee.—The appellee may file an authenticated copy of the record in this court and have the case placed on the docket just as the appellant might do.

3.  Error in Transcript—Supply by Certiorari.—Where a mistake is made by which a part of the record is omitted from the transcript, the omitted part may be supplied either by the filing of an additional record or by obtaining in this court a certiorari directing the clerk to copy it and transmit it to this court.

J. H. SETTLE for appellant.

GEO. P. WINSLOW, JOHN J. HOWE and J. L. W. SLAUGHTER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON —On Motions.

On March 17, 1911, Eliza Ann Smith entered a motion in the Owen Circuit Court for a judgment in her favor against James H. Settle for $1166.37, and also moved the court that he be suspended from the practice of law for a period of twelve months until the judgment was paid, on the ground that he had collected the money for her as her attorney and had not paid it over to her. Settle filed his response, and the case coming on for trial before the court on the law and facts, the court on May 4, 1911, entered a judgment against Settle in her favor for the sum of $275. On the motion to suspend him from the practice of law, the court took time, and for the purpose of further considering the motion the case was continued. On July 10, 1911, it appearing that Settle had not paid the money as ordered by the court, it was adjudged that he be suspended from the practice of law for a period of twelve months, and until he had paid the plaintiff the money directed by

the former judgment. To this judgment Settle excepted and prayed an appeal which was granted. He thereupon executed a supersedeas bond by which he superseded so much of the judgment as suspended him from the practice of law, the bond providing that the obligors would satisfy and perform the judgment above stated in case it should be affirmed, but not providing that they would satisfy the judgment of the court in paying the plaintiff the money. Eliza Ann Smith thereupon had a transcript of the record made out, and filed with the clerk of this court in time for the case to be placed on the present docket. Section 741 of the Civil Code provides:

"The appellee may file an authenticated copy of the record in the clerk's office of the Court of Appeals with the same effect as if filed by the appellant."

The record filed here is duly certified and was filed in proper time. The motion to strike the case from the docket is overruled.

The motion of appellee to discharge the supersedeas is sustained. The sum of the judgment is that Settle is suspended from practicing law until he pays Eliza Ann Smith the money. The bond to supersede the judgment should provide that he will satisfy and perform the judgment of the court in case it is affirmed. Under the bond as executed, the surety will not be responsible to Eliza Ann Smith if the judgment is affirmed. But Settle may execute a new and sufficient bond with proper surety before the clerk of this court within ten days, and the order discharging the supersedeas will not take effect until then, to give him an opportunity to execute the proper bond if he desires to do so. If a bond is executed by Settle to the effect that he will satisfy and perform the judgment of the court if it is affirmed, the surety on the bond will be liable to Eliza Ann Smith for her money if the judgment is affirmed; for the judgment is in effect an order for Settle to pay her the money.

An affidavit has been filed showing that a mistake was made in making out the transcript in that one of the exhibits was omitted. Settle is allowed ten days to have such omitted part of the record copied and filed here as an additional record, and he may if he desires it, obtain under section 742 of the Code, a certiorari from this court commanding the clerk to copy and transmit to this court this paper, also the schedule filed by him.

Appellees motion to affirm as a delay case is passed for ten days; that the court may have the whole record before it in passing on the motion.