## Shacklett, et al. v. Town of Island, et al.

(Decided February 15, 1912.)

### Appeal from McLean Circuit Court.

1.  Municipal Corporations—Sixth Class Towns—Appointment and Resignation of Trustee.—Under Section 3692 of the Kentucky Statutes, when there is a vacancy in the entire board of trustees, the County Court alone has the power to fill the vacancy; and when there is a vacancy in the board the county judge alone has the power to fill the vacancy.
2.  Office—Resignation, How Made—Vacancy, How Filled.—Under Section 1530 of the Kentucky Statutes, all resignations of office must be tendered in writing to the court or officer who is required to fill the vacancy, and a resignation tendered to or a vacancy filled by any other person is a nullity.

R. P. ROWE, J. W. BOSTON and WM. B. NOE for appellants.

R. ALEXANDER and JOE H. MILLER for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

What persons are entitled to act as trustees of the town of Island, is the only question involved in this case. Island is a town of the sixth class, and under the

law its affairs are governed by five trustees, who hold their terms of office for two years. At the November election in 1909, Hancock, James, Mattingly and Hinant were duly elected trustees of the town and entered upon the discharge of the duties of the office in January, 1910. The record does not disclose why a fifth trustee was not elected, but in January, 1910, and after the four named persons had qualified as trustees, they proceeded to fill the vacancy in the board by appointing O'Neal trustee, who thereupon qualified. In August, 1910, Hancock, Mattingly and James, three of the trustees elected in 1909, tendered their resignations to the board and they were accepted, and the vacancies caused by their resignations were filled by the board by appointing Everly, Howell and Pollock, who each accepted the office. Some time during 1910, the record does not disclose when, Pollock resigned and the board accepted his resignation and appointed Kittinger to fill the vacancy thus caused by the resignation. On the 5th of December, 1910, Everly, O'Neal and Howell tendered their resignations to the board, and the board appointed in their places Morton, Flannagan and Shacklett. At the November election 1910, the names of Dan Gillian, Albert Gillian, R. H. Redfern and William Howard were placed by petition on the official ballot to be voted for as members of the board of trustees, and were declared duly elected, and each of them qualified in January, 1911.

Afterwards, this action was brought by the two Gillians, Redfern and Howard against Shacklett, Morton, Kittinger, Flanagan and Hinant to recover from them the books and records of the town, upon the ground that the plaintiffs were the legally elected and duly qualified and acting trustees of the town, and as such entitled to all the books and records which were wrongfully withheld from them by the defendants, who were holding the office of trustees and assuming to act as such. A general demurrer was filed to the petition and overruled, and, the defendants declining to plead further, a judgment was entered declaring that R. H. Redfern, William Howard, Dan Gillian, Albert Gillian and J. N. Hinant were the regular qualified and acting trustees of the town and entitled to the possession of all the books, papers and records of the town, in the possession of the defendants Shacklett, Morton, Flannagan and Kittinger.

It will be observed that under the averments of the

petition Hancock, James, Mattingly and Hinant were duly and regularly elected trustees at the November election in 1909, and under this election they were entitled to the offices of trustees for two years and until their successors were elected and qualified. The fact that only four trustees were elected at this election when five should have been, does not affect the validity of the election of the four named. The case for the plaintiffs is predicated upon the theory that the board of trustees had the right to fill the vacancies arising in the office of trustees and that the persons appointed in 1910 more than three months before the November election of that year were only entitled to hold their office until that election, and, as the plaintiffs were elected at the November election 1910, they were entitled to the office of trustee against the appointees of the board. In our opinion, the board of trustees had no power or authority to fill any vacancies in the board or to accept the resignation of members of the board, and so all the acts of the board in accepting resignations and filling vacancies may be treated as a nullity. Section 3692 of the Kentucky Statutes provides that—

"When a vacancy occurs in any of the elective offices provided for in this chapter, the board of trustees shall fill such vacancy by appointment for the time fixed in the Constitution; and if a vacancy occurs in an appointive office, the board of trustees shall appoint a successor for the balance of the unexpired term, and if from failure to elect at the time fixed by law or other cause there shall be a vacancy in the entire board of trustees, then the County Court of the county shall have power to appoint five trustees who shall hold their office until the next regular election. Provided, that when a vacancy occurs in the board of trustees, the County Judge may fill said vacancy by appointment until the next regular election."

Under this statute, when from any cause there is a vacancy in the entire board of trustees, the County Court alone has the authority to fill the vacancy by the appointment of five trustees; but if there is a vacancy in less than the whole board, the County Judge alone has the authority to fill the vacancy. Chapman v. Horton, 22 Ky. L. R., 1022; Hill v. Anderson, 122 Ky., 87; Lewis v. Town, 105 Ky., 14; Yancy v. Town, 23 Ky. L. R., 2087.

Section 1530 of the Kentucky Statutes provides that:

"All resignations of office shall be tendered to the court or officer who is required to fill the vacancy. All such resignations shall be in writing, and received and recorded by said court or officer. When it is required to be filled by the Circuit Judge, he shall cause a record to be made of the resignation in the court of the county in which the officer lives; and when by the County Court, it shall cause a record of the fact to be made; and when by the Governor he shall cause the same to be recorded in the executive journal."

Under this section, the resignation of an elective or appointive officer must be tendered in writing to the person who has the power to appoint his successor, and a resignation tendered to any other person or body is a nullity. Fryer v. Norton, 67 N. J. Law, 537; Vaughn v. School District, 27 Ore., 57; State v. Popejoy, 165 Ind., 177, 6 Am. & Eng. Annotated Cases, 687; State v. Augustine, 113 Mo., 21, 35 Am. St. Rep., 696; State v. Kitsap County Superior Court, 46 Washington, 616, 12 L. R. A., n. s., 1010; Reiter v. State, 51 Ohio St., 74, 23 L. R. A., 681.

It follows from these views that when this action was brought and the judgment appealed from entered, Hancock, James, Mattingly and Hinant, the four trustees elected at the November election in 1909, were entitled to hold their offices until their successors were duly elected and qualified; and as neither of them resigned to the proper officer, and as no person was appointed to succeed either of them by the proper officer, they were the only persons authorized to act as trustees when this suit was brought and determined in the lower court. No one of the appellants or appellees, except Hinant, ever was a trustee de jure, or entitled to have possession of the books and records of the town.

Wherefore, the judgment is reversed with directions to dismiss the petition, the appellants and appellees each to pay one-half the costs in this court.