## Mattingly's Executor, et al. v. Brents.

(Decided January 16, 1914.)

Appeal fro mMarion Circuit Court on Motion to Correct Taxation of Cost and Execution for Cost.

Costs—Costs on Appeal—Transcript of Record May Be Filed By Appellee in Office of Clerk of Court of Appeals—Cost of Paid by Appellant.—As Section 741, Civil Code, allows the appellee to "file a copy of the record in the Clerk's Office of the Court of Appeals with the same effect, as if filed by the appellant," upon an affirmance by the Court of Appeals of the judgment appealed from, the appellee may recover of the appellant the cost of the transcript filed by him in the office of the Clerk of the Court of Appeals, and the State tax paid thereon, although the appellant

must also pay the cost of a similar transcript subsequently filed by him in the Clerk's Office of the Court of Appeals within the time required to give the Appellate Court jurisdiction of the appeal.

H. W. RIVES for appellants.

W. W. SPALDING for appellee.

OPINION BY JUDGE SETTLE—Overruling Motion.

The judgment in this case was affirmed October 29, 1913, the opinion being reported in 155 Ky., 570. The case is now before us on appellants' motion to correct the taxation of cost made by the clerk of this court, and also the execution issued thereon; it being complained by appellants that the following items included in the judgment for cost and execution for same, were improperly allowed the appellee and taxed against them by the clerk of this court, namely: $7.85, fee of the circuit clerk for transcript of the record filed by appellee in this court, and $2.00 State tax, paid to the clerk of this court by appellee upon the filing by him of the transcript, the sums mentioned, aggregating $9.85.

It appears from the record before us that two transcripts thereof were filed in the office of the clerk of this court on the appeal. One by appellee March 7, 1913, and the other by appellants March 13, 1913, on each of which the State tax of $2.00 was paid; and as appellants have paid the cost of copying the transcript filed by them in this court, it is their contention that they should not be required to pay the cost of the transcript filed by appellee, or the State tax paid thereon by the latter, when it was filed. This contention rests upon the claim that, as appellants intended, in good faith, to prosecute the appeal from the judgment of the circuit court, and did, in fact, do so by filing a transcript of the record in the office of the clerk of this court more than twenty days before the second term thereof succeeding the rendition of the judgment in the circuit Court, it was unnecessary for appellee to also procure and file in the office of the clerk of this court another transcript of the record, as was done by him; and that they can not legally be taxed with the cost resulting from the filing of the additional transcript. We regard this contention unsound. Section 741, Civil Code, provides: "The appellee may file a copy of the record in the clerk's office of the Court of Appeals

with the *same effect* as if filed by the appellant.'' In L. & N. R. R. Co. v. Schmidt, 104 Ky., 179, it was held that, while this court would not entertain a motion made in that case, under section 759, Civil Code, to affirm the judgment as a delay case, as the appellee, and maker of the motion, had, as allowed by section 741, Civil Code, filed an authenticated copy of the record in the clerk's office of the Court of Appeals, which had the same effect as if filed by appellant, that action taken by appellee authorized the docketing of the case to be heard by this court at its succeeding term, which was the appearance term for the appeal. In Sweeney v. Coulter, etc., 109 Ky., 295, we held that, as the appellee had filed an authenticated copy of the record in the clerk's office of the Court of Appeals, as permitted by section 741, supra, the appellant would not be permitted to dismiss his appeal, even without prejudice. Again in the more recent case of Settle v. Smith, 144 Ky., 506, we held that the appellee had the right under this section to file an authenticated copy of the record in this court, and have the case placed on the docket, just as the appellant might do.

The language of this section interprets itself and can, therefore, be given no other meaning than that attributed to it by the authorities referred to. Its object is to put it in the power of the appellee to hasten the hearing and decision of the appeal; and to that end, to prevent unnecessary delay in its prosecution on the part of appellant. In this case, which was an action to specifically enforce the performance of a lease contract, had there been much further delay in obtaining a decision of the appeal, the affirmance of the judgment given appellee by the circuit court would have come too late to make the lease of any practical benefit to him.

It is unnecessary to determine whether, or to what extent, appellants have delayed appellee in the enjoyment of the benefits he would have received from being placed in possession of the leased premises as provided by the contract. It is, however, sufficient to say, that no act upon his part contributed to such delay.

As under section 741, Civil Code, appellee had the undoubted right to file in the office of the clerk of this court the transcript of the record, and the filing thereof had the same effect as if done by the appellants, it necessarily follows that appellee, as the successful party in this court, is entitled to recover of appellants, the un-

successful parties, his costs therein expended, including the cost of the transcript of the record filed by him in this court and the State tax paid thereon.

For the reasons indicated the motion of appellants is overruled.