## Doherty v. First National Bank.

(Decided October 2, 1914.)

Appeal from Jefferson Circuit Court
(Common Pleas No. 1).

Appeal—Second Appeal—Appellee Entitled to Have Case Advanced.—On a second appeal the appellee is entitled to have

the case advanced, and the appellant will not be allowed to dismiss the appeal without prejudice, after the appellee has filed the transcript in this court, and had the case docketed, although appellant paid and did not supersede the judgment.

O'DOHERTY & YONTS for appellant.

HELM BRUCE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Overruling motion to dismiss appeal.

When this case was heretofore in this court, it was held that the circuit court should have instructed the jury peremptorily to find for the plaintiff. (First National Bank v. Doherty, 156 Ky., 386.) Upon the return of the case to the circuit court, another trial was had, at the conclusion of which the court instructed the jury to find for the plaintiff; and the defendant's motion for a new trial having been overruled, the defendant prayed an appeal to this court which was granted; he paid and did not supersede the judgment. The plaintiff thereafter filed the transcript of the record, and had the case docketed for this term. The defendant has entered a motion to continue the case to the January term; or, in the event this is denied, to dismiss the appeal without prejudice; or, in the event this also is denied, to be given time until November 1st to file a brief, and that the case be assigned for oral argument after that date. The plaintiff has entered a motion that the case be advanced for hearing under rule 6, being a second appeal, and that it have leave to withdraw the transcript of testimony, so that same may be corrected in the Jefferson Circuit Court.

It was held in Sweeney v. Coulter, 109 Ky., 295, that where the appellee under section 741 of the Code, files the transcript in this court, it was the intention of the Legislature that he should have the right to have the judgment reviewed, and that the appeal would not be dismissed without prejudice on the motion of the appellant. The rule in that case was approved in Mattingly v. Brents, 156 Ky., 844, and is adhered to by us. Under rule 6, the appellee is entitled to have the case advanced on a second appeal; and this right would be valueless if, after the appellee had filed the transcript in this court, the appellant, over his objection, were allowed to dismiss the appeal. No sufficient reason is shown for con-

tinuing the case until the January term, and the case must be advanced under rule 6. The case involves a large amount of money; and some interesting questions appear to have been made in the circuit court, after its return from this court.

The motions to continue and to dismiss the appeal are overruled; the motion to set the case for oral argument is sustained; and the case is set for November 12. Appellant is given until November 1st to file his brief; appellee is given leave to withdraw the transcript of the testimony for correction.

Motion to dismiss overruled.