## Tabor v. Webb.

(Decided February 1, 1929.)

WAUGH & HOWERTON for appellant.

A. J. COUNTS, R. T. KENNARD and JOHN M. THEOBOLD for appellee.

OPINION OF THE COURT BY COMMISSIONER DRURY—Affirming in part and reversing in part.

The appellant, Floyd Tabor, was a candidate for councilman in the city of Olive Hill. He was defeated, contested the election, and the trial court decided against him. He has appealed.

At the November election, 1927, there was an election held to select officers for the government of the city of Olive Hill, which is a city of the fourth class. At that election, Herbert Owens was elected mayor, and C. F. Greenhill, Doc Gayhart, Willis Johnson, G. W. Blizzard, Milton Haywood, and W. R. De Hart were elected councilmen. In April, 1928, Herbert Owens resigned as mayor. The council accepted his resignation and elected G. W. Blizzard as mayor, and elected W. H. Scott as councilman to fill the unexpired term of Blizzard. Thus at the November election, it was necessary to elect a

mayor and councilman to fill the place to which Scott had been appointed, see section 152, Ky. Constitution. On July 25, 1928, Milton Haywood and W. R. De Hart resigned as councilmen, stating in their resignations that they were to be immediately effective. At least one of these resignations was published in a local newspaper on August 2, 1928. The next regular meeting of the city council after these resignations were written was August 6, and on that day the council met, but, because the records were not on hand, they adjourned to meet again on August 13, at which date they accepted the resignations of Haywood and De Hart, and elected Dr. B. F. Morgan and Walter Abbott in their stead.

One of the principal questions in this case is whether the resignations of Haywood and De Hart became effective on July 25, the date they were written, on August 6, the date they could have been accepted, or on August 13, the date they were actually accepted, because, if these resignations did not become effective until accepted, then Abbott and Morgan were appointed less than three months before the election in November, 1928, and would therefore hold their places until the regular election in November, 1929, whereas, if these resignations became effective on the date they were written, July 25th, or August 6th, the date they could have been accepted, then these vacancies occurred more than three months before the November election, and they are vacancies which should be filled at that election. The answer is that there is no vacancy until the resignation is accepted. See Patrick v. Hagins, 41 S. W. 31, 19 Ky. Law Rep. 482; Shacklett v. Town of Island, 146 Ky. 798, 143 S. W. 369, Ann Cas. 1913C, 602. This is the general rule, in the absence of a statute on the subject. 46 C. J. 978, sec. 129, note 40. The reason for this rule is well stated in Edwards v. U. S., 103 U. S. 471, 26 L. Ed. 314. It follows that the only vacancies to be filled were those of mayor and a councilman to take the place of W. H. Scott. Certain parties had nominated what they call a "Citizens' Ticket" and put in nomination three men for councilmen, Freeman S. Webb, C. S. Cartee, and E. A. Garber. Of these Cartee led the ticket, and received 395 votes. Certain other citizens nominated what they call the "Independent Ticket." They only nominated one candidate for councilman, and that was the appellant, Floyd Tabor, who received only 223 votes. There was only one vacancy to be filled, and, to fill that, C. S. Cartee was elected. The

positions held by Dr. B. F. Morgan and Walter Abbott could not be filled at the November election, 1928. Unless they have resigned, they are still legal councilmen of Olive Hill.

The judgment, in so far as it held that Floyd Tabor was not elected, is affirmed, and in so far as it held that Freeman S. Webb and E. H. Garber were elected, it is reversed.