# Commonwealth v. Hearon.

(Decided October 21, 1930.)

TALBOTT BERRY and C. W. BENNETT for appellant.

J. M. RAYBURN and L. V. STONE for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

This appeal arises from the institution of a suit filed in the name of the commonwealth by the commonwealth's attorney against the appellee, H. G. Hearon, to have him declared a usurper of the office of a member of the county board of education of Webster county; it being charged that he had forfeited his office by the acceptance of a free pass from the Illinois Central Railroad Company, by which he was at the time employed as section foreman. A special demurrer was filed to the petition on the ground that the commonwealth's attorney was without authority to institute the suit, and a general demurrer was filed because it did not allege a conviction of violating the Anti-Pass Statute. The special demurrer was not acted upon, but the general demurrer was sustained and the petition dismissed, from which judgment this appeal is prosecuted.

It is insisted that the procedure and the allegations of the petition are proper under the provisions of sec-

tion 480 et seq., Civil Code of Practice, providing for the institution of an ordinary action by a commonwealth's attorney against a usurper of a county office, and defining as a usurper one who continues to exercise the office after having committed the act, the commission of which by law creates a forfeiture of his office. The Anti-Pass Statute, section 201c-1 et eq., Ky. St., provides for the forfeiture by one offending its provisions.

By clear expressions it is declared in the Anti-Pass Statute that any public officer, whether he be an employee of the carrier or not, who accepts any free pass or transportation, shall be punished by a fine of not less than $500 or more than $2,500, or imprisonment for not less than thirty nor more than ninety days, or both so fined and imprisoned; and further, "if any person guilty of a violation of the provisions of this act be, at the time of the commission of the offense, a state, county, district or municipal officer, member of the general assembly or judge of any court, then, in addition to the penalties hereinbefore imposed, he shall forfeit his office." Section 201c-5. Section 201c-9 explicitly declares that upon the filing in the office of the Attorney General by any commonwealth's attorney or county attorney of information "that any person found guilty of a violation of the provisions of this act was at the time of the commission of the offense" an officer covered by its provisions, or upon the filing there of an affidavit of any person, accompanied by an attested copy of a judgment of conviction, stating that the person convicted was at the time of the commission of the offense such an officer, it shall be the duty of the Attorney General to institute or cause to be instituted a proceeding to have him vacate his office. It is made the duty of all commonwealth attorneys and county attorneys to institute, prosecute or aid in the prosecution of such proceeding "upon the request of the Attorney General." It is further provided that in any such action the officer's "former conviction of the offense in any court having jurisdiction shall be conclusive evidence of his guilt."

This act is complete within itself, and it expressly repeals all acts and parts of acts in conflict with any of its provisions. This must therefore be construed as modifying or limiting the Code provisions above referred to in so far as they might be applied to proceedings to have an office forfeited for a violation of its terms. 25 R. C. L.

912; Thomas v. Hurst Home Insurance Company, 186 Ky. 178, 216 S. W. 368.

It does not seem necessary to a decision of this case to consider the general question whether a conviction of an offense is prerequisite to the maintenance of proceedings to forfeit an office, based upon its commission. It may be observed that even before the enactment of this statute, pursuant to the mandate of section 197 of the Constitution declaring that no common carrier should issue nor officer of the law receive free transportation, it was held that a state election commissioner, who had accepted free transportation, could not be deprived of his office on that ground without a conviction of the offense denounced. Sweeney v. Coulter, 109 Ky. 295, 58 S. W. 784, 22 Ky. Law Rep. 885.

This statute explicitly declares that the forfeiture of an office shall be in addition to the fine and imprisonment imposed. Obviously there must first have been a conviction and those penalties inflicted. This is emphasized by the provision that the Attorney General of the State shall control the forfeiture proceedings when it shall be disclosed to him by record evidence that an officer has been found guilty of a violation of the terms of the act.

The petition having failed to disclose that the defendant had been previously convicted of having accepted free transportation, and that the terms of the law regarding the maintenance of the procedeing had been complied with, the court properly sustained the demurrer.

Judgment affirmed.