# Commonwealth ex rel. Wootton, Atty. Gen., v. Berninger.

(Decided Sept. 25, 1934.)

REUSCHER & REUSCHER and BAILEY P. WOOTTON, Attorney General, for appellant.

C. W. YUNGBLUT for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

452

The commonwealth of Kentucky, on relation of the Attorney General, brought this action against John· A. Berninger to oust him from the office of commissioner of the city of Newport on the ground that he .was a usurper. Berninger answered in two paragraphs. In the first paragraph he denied certain material allegations of the petition, and in the second paragraph pleaded certain facts which will be hereafter noted. Having declined to plead further after its demurrer to each of the paragraphs had been overruled, the petition was dismissed, and the commonwealth appeals.

The facts pleaded in the second paragraph of the answer, and admitted by the demurrer, are: At the regular election held in the year 1933, Berninger was elected one of the commissioners of the city of Newport for a term of two years. Within the proper time he qualified by taking the necessary oath and executing the required bond, and entered upon the duties of his office on the first Monday in January, 1934. Thereafter he attended the regular sessions of the board of commissioners and performed the duties of his office until January 30, 1934. On that day the board was in regular session and he submitted to the board the following communication signed by him and addressed to the mayor and the city commissioners: "Accept my resignation as City Commissioner to be effective on this date, January 30th, 1934."

On the reading of the communication by the clerk it "was laid over indefinitely" by unanimous vote. No further action on the communication was taken by the board until its regular session held on March 13, 1934. Berninger was present on that occasion and presented and had read a communication stating in substance that he had been informed that his resignation was not effective for the reason that it had never been accepted by the board, and no successor was appointed or qualified to fill the office, and that he desired to withdraw the resignation, giving as his reasons the fact that his health had been restored by his recent vacation; that if his resignation became effective, it would mean considerable expense to the city in holding an election in November; and that he had received many communications from the business organizations of the city and petitions signed by many citizens of the community requesting his return. For these reasons he felt honor

bound to continue in the office and perform the trust imposed upon him by the voters of the city. The communication was received by the board and ordered filed and spread upon its minutes. No further action was taken by the board. By reason of these facts the resignation was never accepted by the board or any officer, and no vacancy in the office ever existed or was attempted to be filled.

If Mr. Berninger had the right to resume the duties of his office, he is not a usurper, and may not be ousted from office. The case turns on when the resignation of a public officer becomes effective. Whatever may be the rule in other jurisdictions, the rule established by our opinions, and supported by the weight of authority, is that, in the absence of a statute on the subject, the resignation of a public officer does not become effective until accepted by the proper authority, or by equivalent action, such as the appointment of a successor. Tabor v. Webb, 227 Ky. 611, 13 S. W. (2d) 758; Patrick v. Hagins, 41 S. W. 31, 19 Ky. Law. Rep. 482; Shacklett v. Town of Island, 146 Ky. 798, 143 S. W. 369, Ann. Cas. 1913C, 602; 46 C. J. 978, Sec. 129, note 40. But it is argued that we have a statute on the subject, and that statute is controlling. The statute relied on is section 1530, Kentucky Statutes, and reads as follows:

> "All resignations of office shall be tendered to the court or officer who is required to fill the vacancy. All such resignations shall be in writing, and received and recorded by said court or officer."

In the first place it does not appear that the resignation was actually filed and recorded. All that the record discloses is that it was laid over indefinitely. But aside from this we do not regard the statute as providing a different rule. It does not declare that a resignation shall become effective when received and recorded, or declare when it shall become effective. In our opinion the only purpose of the statute was to avoid all controversy by requiring a written recorded memorial of the officer's action. Nor are we impressed with the argument that an officer has the absolute right to resign when he pleases, and that our rule infringes this right. The basis of the rule is that the right of the incumbent is subordinate to the right of the people to the maintenance of an orderly government. An able discussion of the question is found in the following

language of Mr. Justice Bradley in Edwards v. United States, 103 U. S. 471, 473, 26 L. Ed. 314:

> "As civil officers are appointed for the purpose of exercising the functions and carrying on the operations of government, and maintaining public order, a political organization would seem to be imperfect which should allow the depositaries of its power to throw off their responsibilities at their own pleasure. This certainly was not the doctrine of the common law. In England a person elected to a municipal office was obliged to accept it and perform its duties, and subjected himself to a penalty by refusal. An office was regarded as a burden which the appointee was bound, in the interest of the community and of good government, to bear. And from this it followed of course that, after an office was conferred and assumed, it could not be laid down without the consent of the appointing power. This was required in order that the public interests might suffer no inconvenience for the want of public servants to execute the laws."

As Mr. Berninger's resignation never became effective by acceptance or otherwise, it follows that he had the right to withdraw his resignation and resume the duties of his office.

Judgment affirmed.