## Daniels et al. v. Adams et al.

December 8, 1950.

James W. Turner, Judge.

Clyde L. Miller for appellant.

C. F. See, Jr., for appellee.

CHIEF JUSTICE SIMS—Affirming.

This action was filed by J. M. Adams and Charley Ryan, the duly elected members of the council of the fifth class city of Louisa, against Clyde Daniels, Hile Fyffe and Fred Springer, whom the Governor had ap-

pointed members of the Council of Louisa on the theory that three vacancies existed in that body of six. A general demurrer was overruled to the petition, answer was filed to which the chancellor sustained a general demurrer, appellants declined to plead further and the cause was submitted on the pleadings.

The chancellor decided there were no vacancies in the council at the time the Governor made the three appointments to that body and adjudged appellees were the duly elected and qualified Councilmen of Louisa, and this appeal followed.

The petition averred that in November 1949 members were elected to serve on the Council of Louisa (a fifth class city whose council consists of six members) from the first Monday in January 1950 until the first Monday in January 1952; that among the six councilmen elected were appellees, who qualified, took office and are entitled to serve the term to which they were elected; that one of the members of the council, Leonard Compton, died, leaving five members, who on the night of July 5, 1950, elected John Page to fill the vacancy caused by Compton's death; that on June 5th, Hon. Earle C. Clements, Governor of Kentucky, named appellants as members of the council when there were no vacancies which the Governor could fill and his three appointees are usurpers.

The answer as amended is a traverse, followed by an affirmative plea that prior to May 2, 1950, appellant Adams delivered to the mayor of the town his resignation which was not accepted by the mayor or by the council, although there was an item in the newspaper giving the reason for his resignation; that in a newspaper article on May 18th, appeared an item that C. C. Ryan had also resigned, and, due to the death of Leonard Compton, the City of Louisa was without a council; that on June 5th, the Governor accepted the resignations of Adams and Ryan and appointed the three appellants to the council; that when the regular June meeting convened on June 6th, appellees appeared and withdrew their resignations but at that time their resignations had already been accepted by the Governor and entered on his executive journal and appellees were guilty of laches; that no council meeting was held between the

regular May and the regular June meetings in 1950, and appellees never requested that their resignations be withdrawn and they assert that as their resignations were never accepted by being entered on the council's minute book, they are still members of that body.

The answer further avers that Ryan holds a pass on a common carrier, which under sec. 197 of the Kentucky Constitution forfeited his office before he resigned and he could not hold office even if restored thereto by the court, and he comes into a court of equity with unclean hands.

The qualifications of members of the council of a fifth class city are given in KRS 87.160. Among other things, that section provides no person shall be eligible to hold the office of councilman unless he is a resident and qualified voter of the city and has resided therein for one year next preceding the date of his election or appointment; and he must be a property holder of the city. It will be noted the petition does not aver appellees resided in the city one year preceding the date of their election or that they are property holders in the city.

Appellants, relying upon Saylor v. Rockcastle County Board of Education, 286 Ky. 63, 149 S. W. 2d 770, and Rosser v. City of Russellville, 306 Ky. 462, 208 S. W. 2d 322, insist the court erred in overruling their general demurrer to the petition, because appellees as public officers seeking to recover their offices must allege and prove every fact necessary to show they possess the required qualifications to hold the offices at the time they took them; and this appellees failed to do.

The Saylor and Rosser opinions are distinguishable from the instant case in that both Saylor and Rosser had been removed from office and were seeking to regain title thereto. Here, appellees were not removed from office and insist they did not relinquish their offices by resignation, but are attempting to hold the offices to which they had been elected. This is not an action by appellees to recover their offices but to enjoin appellants from usurping offices which appellees were holding and from which they had never resigned.

In the circumstances it was not incumbent upon appellees to allege and prove every fact necessary to

show they possessed the required qualifications to hold the offices at the time they took them. The averments in their petition, that they are residents and citizens of Louisa and the duly elected and qualified members of its city council and entitled to serve their two year terms, were sufficient. The court properly overruled the demurrer to the petition.

We agree with appellants that title to an office cannot be tried in an equity action or by the process of injunction, Jenkins v. Congleton, 242 Ky. 46, 45 S. W. 2d 456. But this is not such a case. It is an action by duly elected officers to enjoin others from interfering with them or from usurping their offices. We have written in several cases that duly elected officers will be protected by injunction against unlawful interference with their possession thereof. Hollar v. Cornett, 144 Ky. 420, 138 S. W. 298; Hutchinson v. Miller, 158 Ky. 363, 164 S. W. 961; Board of Education of Boyle County v. McChesney, 235 Ky. 692, 32 S. W. 2d 26.

The general demurrer was correctly sustained to the answer. There were four members of the council when Adams attempted to resign and that body could have accepted his resignation. As Adam's resignation was not accepted by the council, he was still a member thereof when Ryan's resignation was tendered, and as the council then had four members it could have accepted Ryan's resignation.

It is provided in KRS 63.010: ''All resignations of office shall be tendered in writing to the court or officer required to fill the vacancy, and received and recorded by the court or officer in its or his records. Resignations to the Governor shall be recorded in the Executive Journal.''

In the instant case the council had authority to accept the tendered resignation of Adams and to fill the vacancy created thereby, as well as to accept Ryan's tendered resignation and to fill it, KRS 87.210. The council's failure to accept their resignations left Adams and Ryan in office. The rule is, the resignation of a public officer, in the absence of statute, does not become effective until accepted by the proper authority or by equivalent action, such as the appointment of a successor, Commonwealth ex rel. Wootton v. Berninger, 255 Ky.

451, 74 S. W. 2d 932, 95 A. L. R. 213, and there can be no vacancy until the resignation is accepted, Tabor v. Webb, 227 Ky. 611, 13 S. W. 2d 758. As the council had four members when each resignation was tendered, as just above pointed out, it was the proper body to accept the resignations. As the resignations of appellees had never been accepted at the time the Governor made the appointments and as there were then no vacancies, the Governor was without authority to appoint appellants members of the Louisa Council.

We are not impressed by appellants' argument that as their answer avers Ryan holds a railroad pass, he cannot fill the office of councilman and does not come into court with clean hands because he has violated sec. 197 of our Constitution. This court has held no proceeding can be had to oust one from office for violation of sec. 197 of the Constitution and KRS Chapter 276 without a prior conviction. Com. v. Hearon, 235 Ky. 681, 32 S. W. 2d 21, and cases therein cited. The record does not show Ryan has ever been convicted of accepting a pass from a railroad company, and we are not now concerned with this ground as affecting his eligibility to hold his office of councilman.

The judgment is affirmed.