ALBERT DOSTIE, Petitioner for Certiorari,

*vs.*

BOARD OF MAYOR AND ALDERMEN OF THE CITY OF LEWISTON.

Androscoggin.    Opinion October 1, 1915.

*Acceptance of Resignation.    Certiorari.    Dismissal.    Resignation.*
*Vacancy.    Withdrawal of Resignation.*

1. The petitioner had the right to withdraw his resignation at any time before its acceptance by the mayor and aldermen.

2. In the absence of a statute provision in cases of this kind, a resignation is not complete until it is accepted by competent authority, which is the appointing power.

3. As neither the petitioner nor the defendant, on their own motion, can create a vacancy, it follows that the term of service of petitioner was not legally terminated, either by the alleged resignation or by the subsequent attempt to remove him.

On report.  Record quashed.

This is a petition for writ of certiorari, wherein petitioner asks to have the records of the board of mayor and aldermen of the city of Lewiston quashed so far as they relate to the discharge of the petitioner from the police force.  The case was reported to the Law Court upon an agreed statement of facts for determination.

The case is stated in the opinion.

*George S. McCarty,* for petitioner.

*Wm. H. Clifford,* city solicitor, for Board of Mayor and Aldermen.

SITTING:  SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

HANSON, J.  This case came before the Law Court upon the following agreed statement of facts:

"This is a petition for writ of certiorari to quash the records of the board of mayor and aldermen of the city of Lewiston, relating to the discharge of the petitioner from the police force.

On the thirteenth day of March, 1915, Albert Dostie was a member of the police force of the city of Lewiston, duly elected and qualified, having been appointed in March, 1913, for a term of three years. On said day, because of alleged misconduct, he was asked to sign a prepared resignation. Said resignation was drafted by the deputy marshal of said city and was signed by Dostie in his presence and also in the presence of the city marshal and at the latter's request. The resignation was of the following tenor:

'Lewiston, Maine, March 13, 1915.
*To the Hon. Board of Mayor & Aldermen,*
        Lewiston, Maine.
GENTLEMEN :—

Through unfortunate circumstances, I humbly submit to your Board my resignation. Thanking you for your kindness extended for several years past.

I remain, very truly yours,
(Signed) ALBERT DOSTIE.'

After the signing of the above resignation, the same was held by the city marshal and later the same day was delivered to the Honorable Robert J. Wiseman, mayor of said city of Lewiston, by said city marshal. The following day, March fourteenth, at the request of the said Dostie, the said resignation was returned to him by said mayor. On the morning of March 15th following, charges were preferred against Dostie by the mayor and a hearing upon said charges was had before the mayor and board of aldermen. It is agreed that the proceedings of said meeting so far as they relate to the matter of the removal of Dostie from the police force are irregular and illegal and therefore null and void. It is further agreed that the resignation of Dostie was at no time presented to the board of mayor and aldermen and that they as a body never acted upon the same nor did they have the opportunity of so doing.

It is agreed that either party may refer to Chapter 293 of the Private and Special Laws of 1880, and to Chapter III of the Ordinances of the city of Lewiston.

It is further agreed that the decision of the Law Court shall be final and as of a hearing upon the writ rather than the petition for certiorari.

GEORGE S. McCARTY,
*Attorney for Dostie.*
WM. H. CLIFFORD,
*City Solicitor for Board of Mayor and Aldermen.*

Upon the foregoing agreed statement of facts by agreement of parties, this case is reported to the Law Court.

If the Law Court are of opinion that the petitioner is not barred from maintaining the petition by reason of his alleged resignation, the entry is to be 'Record quashed;' otherwise, 'Petition dismissed.' The petition and answer need not be printed, but may be referred to by either party."

The admissions made leave but one question for determination: Is the petitioner barred from maintaining his petition by reason of his alleged resignation?

The petitioner contends that it is the general rule that in order to perfect a resignation, the same must be accepted by the proper authority. And the authority competent to accept the resignation, in the absence of statutory provisions regulating the matter, is the authority which by law has the right to fill the vacancy caused by the resignation.

The defendants contend that the resignation, although withdrawn, was a resignation in fact, that the petitioner had not the right to withdraw it, and that the mayor had no authority to return it; that (1) a public officer may resign at pleasure without the assent of the appointing power, and that, in the absence of any statute to the contrary, an absolute and unconditional resignation vacates an office from the time the resignation reaches the proper authority, without any acceptance, express or implied, on the part of the latter. (2) That a resignation which is intended to take effect immediately, and which was delivered for that purpose to the officer authorized to receive it, cannot be withdrawn.

On the date of the resignation the plaintiff was under suspension awaiting the action of the officers having his case in charge;—the mayor and aldermen at their next meeting, as provided by Section 1

of Chapter 293, Private and Special Laws of 1880. Pending such meeting the resignation had been tendered and withdrawn, with no protest from the mayor, and no act on his part or on the part of the board of aldermen, tending to show an acceptance of the same: on the contrary there was an apparent ready compliance with the request to return the resignation, and an immediate resort on the part of the mayor to a different mode of procedure to remove the petitioner. The record discloses the means used, and the admitted failure of the mayor and aldermen to effect such removal. In view of the record we hold that the petitioner had the right in the circumstances to withdraw the resignation at any time before its acceptance by the mayor and aldermen. That it had not been accepted by them is clearly shown by the surrender of the resignation by the mayor and the subsequent proceedings to remove the petitioner. These acts on the part of the mayor and aldermen constituted a waiver of any right or advantage they may have had while holding the resignation. The office could not be abandoned at the pleasure of the petitioner. He had been appointed for a term of three years. Under the city charter his appointment was authorized to be made by the city council. Chapter 105, Sect. 4, Laws of 1861, provides that "the city council shall, annually, on the third Monday in March, or as soon thereafter as may be convenient, elect, and appoint for the ensuing year, all the subordinate officers and agents for the city. . . . and may by concurrent vote remove officers when in their opinion, sufficient cause for their removal exists . . . All the said subordinate officers and agents shall hold their offices during the ensuing year, and till others shall be elected and qualified in their stead, unless sooner removed by the city council." Section 1, Chapter 293, Laws of 1880, provides that "the city marshal, deputy marshal, and policemen of the city of Lewiston, shall hereafter be appointed by the mayor, by and with the advice and consent of the aldermen. . . . subject, however, after a hearing, to removal at any time by the mayor, by and with the advice and consent of the aldermen, for inefficiency, or other cause."

Appointment, suspension and removal of such officers were provided for, but no provision seems to have been made for dealing with a vancancy caused by resignation, or of dealing with a resignation when offered. The term of service having been fixed by law, and

not being subject to the will of the mayor and aldermen, the petitioner could be removed only as provided by law. In this case the lawful means of removal having failed, the defendant claims a vacancy in the office due to the alleged resignation. We cannot sustain such view of the law. It does not appear that the resignation was accepted before it was withdrawn.

It is contended that the petitioner had no right to withdraw his resignation. We do not agree with the defendant in this contention. We think the petitioner had the right to withdraw the resignation at any time before its acceptance. In the absence of a statute provision in cases of the kind, a resignation is not complete until it is accepted by competent authority,—in this instance the appointing power. As neither the petitioner nor the defendant on their own motion can create a vacancy, it follows that the term of service of the petitioner was not legally terminated, either by the alleged resignation or by the subsequent attempt to remove him. *Rogers* v. *Slonaker,* 32 Kan., 191 ; *Edwards* v. *United States,* 103 U. S., 471 ; *Commonwealth* v. *Krapf,* 94 Atl. Rep., 553 (Supreme Court Pa. April 12, 1915).

It is the opinion of the court that the petitioner is not barred from maintaining the petition by reason of the alleged resignation.

In accordance with the stipulation, the entry will be,

*Record quashed.*