Walter F. O'BRIEN

v.

The UNITED STATES.

No. 30–55.

United States Court of Claims.

May 8, 1957.

Edwin J. McDermott, Philadelphia, Pa., for plaintiff.

Lawrence S. Smith, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

This is a suit by a civil-service employee to recover pay for the intervening period between the time of his separation from the service and his reinstatement in the position from which he had theretofore been separated. On January 6, 1941, he was employed as a Deputy Collector in the field division of the office of the Collector of Internal Revenue for the First District of Pennsylvania, United States Treasury Department, and as such was in the classified civil service of the United States.

On or about January 14, 1952, the plaintiff delivered to the Collector of Internal Revenue for the First Pennsylvania District his written resignation. On January 28, 1952, such Collector of Internal Revenue at Philadelphia, Pennsylvania, advised plaintiff as follows:

"This is to advise you that your resignation submitted effective January 14, 1952, cannot be accepted until such time as the investigation being conducted by the Intelligence Unit has been concluded. This is in accordance with regulations covering resignations submitted during the course of an investigation.

Pending completion of the investigation by the Intelligence Unit you will be retained on the rolls in leave-without-pay status."

On February 27, 1952, plaintiff notified such collector that his resignation was thereby being withdrawn. After some correspondence between plaintiff's

attorney and the collector as to plaintiff's withdrawal of resignation and of his right to do so, the plaintiff's attorney, about May, 21, 1952, wrote the collector demanding payment of plaintiff's salary.

About July 9, 1952, the Commissioner of Internal Revenue notified the plaintiff in writing, through the Collector of Internal Revenue in Philadelphia, that plaintiff's resignation was accepted effective as of January 14, 1952. The plaintiff's attorney, by letter of July 31, 1952, informed the Commissioner of plaintiff's contention that his resignation had been withdrawn prior to acceptance and that he was awaiting assignment. On September 2, 1952, the Commissioner wrote plaintiff's attorney that plaintiff's resignation had been accepted and that no affirmative action could be taken in his case.

On October 17, 1952, plaintiff's attorney wrote the United States Civil Service Commission asking whether plaintiff was entitled to reinstatement. The Commission replied under date of November 6, 1952, that the Commission had no authority to intervene, and declined to review the case.

On January 23, 1953, a civil action was instituted in the United States District Court for the District of Columbia by John Rogers Carroll, a member of the Bar of the District of Columbia, on behalf of plaintiff against John S. Graham, Acting Commissioner of Internal Revenue, seeking reinstatement. Soon thereafter Justin F. Winkle was designated Acting Commissioner of Internal Revenue, he being succeeded by T. Coleman Andrews, whose nomination to be Commissioner of Internal Revenue was confirmed by the United States Senate on or about January 27, 1953. Plaintiff's attorney did not substitute the name of T. Coleman Andrews in the suit as provided under Rule 25(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and the suit abated. The stated reason for the failure to make the substitution was that the plaintiff's attorney, John Rogers Carroll, was called to active military duty

on February 2, 1953, and was not discharged until August 29, 1953.

On September 25, 1953, a new action was instituted in the United States District Court for the District of Columbia by John Rogers Carroll as attorney for the plaintiff against T. Coleman Andrews, the Commissioner of Internal Revenue. Soon thereafter the original action was dismissed without prejudice. During the pendency of the new action T. Coleman Andrews resigned and Russell C. Harrington was made Commissioner of Internal Revenue, and the designation of the defendant in this action was so changed.

On October 3, 1956, the United States District Court for the District of Columbia in such action entered the following order:

"Upon consideration of the pleadings herein, plaintiff's motion for order vacating the summary judgment for defendant entered March 24, 1954 and for entry of judgment for plaintiff, and defendant's opposition thereto; and it appearing to the Court that the order of March 26, 1954 should be vacated; that plaintiff was illegally removed from his position as Deputy Collector, Office of the Collector of Internal Revenue, and that plaintiff's cause of action is not barred by laches, it is this 3rd day of October, 1956,

"Ordered that the order of March 26, 1954 awarding summary judgment to defendant be and the same is hereby vacated, and it is

"Further Adjudged and Decreed that plaintiff was improperly placed in a leave-without-pay status after his resignation was rejected and was wrongfully discharged from his position as Deputy Collector in the Field Division of the Office of Collector of Internal Revenue for the First Pennsylvania District, and it is

"Further Ordered that defendant reinstate plaintiff to the position in the Internal Revenue Service to

which other Deputy Collectors as aforesaid were transferred pursuant to the provisions of pertinent reorganization plans and orders thereunder."

On January 2, 1957, the plaintiff was restored to the position that he had theretofore held. The plaintiff asserts that he is entitled to recover his salary at the rate of $4,455 per annum plus the step-up increases which he claims he would have received during the period January 15, 1952 to December 31, 1956.

The defendant originally raised three affirmative defenses, including that of laches, but in its response to plaintiff's motion for summary judgment and in oral argument it admitted that plaintiff is entitled to recover for the period January 28, 1952, to the date of restoration to duty, at the salary rate he was being paid at the time of discharge or suspension, less all sums earned through other employment during that period.

Thus, the only issues remaining in the case are whether plaintiff is entitled to whatever increases he would normally have received had he remained in the Internal Revenue Service and rendered satisfactory service, and whether he is entitled to recover for the period January 15 to January 28, 1952.

By the terms of the statute, 5 U.S.C.A. § 652, upon which plaintiff's cause of action is predicated, it is expressly provided that if a classified civil-service employee is reinstated and restored to duty on the ground that his removal or suspension was unjustified and unwarranted, he is entitled to receive compensation "at the rate received on the date of such removal or suspension." Under the terms of this provision the plaintiff is entitled to pay for the intervening period at the rate he was receiving at the time of his discharge, to wit, $4,455 per annum. Green v. United States, 109 F. Supp. 720, 124 Ct.Cl. 186; O'Brien v. United States, 124 Ct.Cl. 655.

In the circumstances disclosed by the pleadings, filed documents, the briefs and oral arguments of the parties, the plaintiff is not entitled to various raises and increases to which he makes claim. In certain unusual circumstances we have found that an improperly discharged employee may be entitled to the intervening step-up increases, but the facts as disclosed here do not warrant such a finding.

The only remaining question is whether the plaintiff is entitled to recover for the period January 15 to January 28, 1952. Since plaintiff submitted his resignation effective January 14, 1952, it is to be presumed that he voluntarily refrained from working from that date until January 28, 1952, when the defendant advised him that his resignation could not be accepted pending completion of the investigation then in progress and that he would be retained on the rolls in leave-without-pay status. Since plaintiff voluntarily refrained from working from January 15 to January 28, 1952, we hold that he is not entitled to recover for that period.

The plaintiff is given judgment for the amount of his salary at the rate of $4,455 per annum from January 28, 1952, to December 31, 1956, inclusive, less any sums earned by him through other employment during that period. Judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38(c), 28 U.S.C.A.

Plaintiff's motion for summary judgment is granted in part and denied in part.

It is so ordered.

LARAMORE, MADDEN, WHITAKER and LITTLETON, Judges, concur.