**Roy W. LOCKWOOD**
v.
**UNITED STATES.**
No. 249–58.

United States Court of Claims.
Feb. 3, 1960.

---

Claude L. Dawson, Washington, D. C., for plaintiff.

Thomas J. Lydon, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant. Cyril Moscow, Washington, D. C., was on the brief.

PER CURIAM.

The plaintiff sues to recover overtime compensation which, he says, would have accrued to him during three periods.[1] During two of those periods he was illegally separate from his employment, and during the third period he was illegally demoted in grade. In each of the three situations he appealed to the Civil Service Commission which sustained his appeal and ordered him reinstated.

Section 6(b) (2) of the Act of June 10, 1948, 62 Stat. 354, 355, as it appears in 5 U.S.C.A. § 652(b) (2) reads as follows:

"Any person who is discharged, suspended, or furloughed without pay, under section 863 of this title, who, after answering the reasons advanced for such discharge, suspension, or furlough or after an appeal to the Civil Service Commission, as provided under such section, is reinstated or restored to duty on the ground that such discharge, suspension, or furlough was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such discharge, suspension, or furlough for the period for which he received no compensation with respect to the position from which he was discharged, suspended, or furloughed, less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period."

The plaintiff was paid the straight-time compensation which he had lost because of his two discharges and his demotion.

The plaintiff was a supervisory firefighter, grade GS–9, at the time of his discharges and demotion. One Clarence D. Davey was, during the time that the plaintiff was deprived of his position, placed in it. Davey was given, in addition to the straight-time salary of the position, overtime work for which he was paid some $6,000. The plaintiff says that the overtime work went with the position, and that if he had not been deprived of the position he would have received the overtime work and the $6,000. He therefore says that under the 1948 Act quoted above he is legally entitled to the $6,000.

The statute, as we have seen, says that one entitled to its benefits

"* * * shall be paid compensation at the rate received on the date of such discharge * * *."

The overtime rate applicable to the plaintiff's position as a GS–9 supervisory firefighter was just as much his rate of pay as the straight-time rate. It was set by statute or valid administrative action and could no more be legally departed from than the straight-time rate.

The Government cites a number of our case, and quotes from O'Brien v. United States, 151 F.Supp. 282, 138 Ct.Cl. 296, 299–300, in which this court denied in-grade promotions and statutory increases to persons entitled to recover under

1. A second cause of action in the petition was withdrawn by plaintiff in open court.

the 1948 Act. These decisions have no bearing on the instant problem. The rates there in dispute were not rates "received on the date of such discharge." They were new rates set by Congress or by the passing of time, satisfactory service and administrative action. The overtime rates in question in the instant case were the very rates which existed at the time of the discharge.

An argument that the plaintiff did not work the overtime proves too much. He did not work the straight time either because he was illegally prevented from doing so. Congress has said that he should be paid, though prevented from working, at the rate received at the date of the discharge.

If it is suggested that he might not have been given the overtime work, though the supervisor who filled his position was given it, we find it hard to imagine why he would not have been given it except for the attitude of his superiors which produced two illegal discharges and one illegal demotion. If there was a better reason, it should be brought forward.

If it is suggested that he would not have been willing to work the overtime, that is a suggestion to speculate. As to the straight time, he might have gotten sick, he might have quit, he might have done something to justify a legal discharge.

The plaintiff is entitled to be paid for overtime calculated on the basis of the average amount of overtime which he worked during the year immediately preceding his first discharge, and judgment is entered to that effect. Plaintiff's motion for summary judgment is therefore granted to that extent, and defendant's similar motion is denied. The amount of recovery will be determined in further proceedings pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.

WHITAKER, Judge, dissenting in which BARKSDALE, District Judge, sitting by designations, joins.

I cannot agree with the majority. When plaintiff was employed there was no agreement that he should work any definite amount of overtime, or any at all. He was employed as a supervisory firefighter, the rate of compensation for which position did not include any overtime. Under the statute he was entitled to demand this rate of compensation, but he was not entitled to demand that he be allowed to work overtime and to receive overtime pay. He received pay for overtime only as it was ordered from time to time. So far as we know, no overtime might be ordered; certainly we do not know in advance how much; in one year it might be more or less than in another. It was not a fixed amount. His rate of compensation on the date of his discharge is what defendant agreed to pay him for straight time. It did not include amounts which events subsequent to the date of his discharge showed he might have earned. The judgment of the majority, allows him to recover what he might have earned, not what the Government was obligated to pay him.

We have consistently held, in interpreting the 1948 amendment to the Lloyd-LaFollette Act, that the amount of recovery is limited to the rate of pay, at the time of discharge, for the position held by the employee. Pechette v. United States, Ct.Cl. No. 180–55, decided March 4, 1959; O'Brien v. United States, 151 F.Supp. 282, 138 Ct.Cl. 296. This means that the amount of salary which the employee is entitled to recover is measured by the amount to which the employee had an enforceable right at the time of discharge. Thus, an illegally discharged employee is not entitled to recover periodic step increases or statutory pay increases which he might have received, because he was not entitled to them at the date of his discharge. The same reasoning is applicable to the recovery of overtime pay. The mere fact that a civil servant occupies a certain position in the Government does not give him an enforceable right to demand pay for overtime which he may or may not render. No such right exists. Therefore, it can-

not be stated that overtime pay is "compensation * * * with respect to the position from which he was discharged." Overtime pay is compensation for overtime worked by an employee and is not in any way an integral part of the compensation of a particular job.