Whitakee, Judge,
delivered the opinion of the court:
This case is before the court on cross-motions for summary judgment. Plaintiff, a veteran preference eligible, was given an unsatisfactory performance rating, after the required 90-day notice had been given him, and on the basis of this rating he was separated from the service.
The grounds for plaintiff’s motion for summary judgment are: (1) the refusal of the Civil Service Commission to review the merits of his unsatisfactory performance rating; (2) the alleged denial of his right of counsel in the hearing on review of his unsatisfactory performance rating; and (3) failure to comply with the procedural requirements of section 14 of the Veterans Preference Act of 1944.
On December 18,1953, plaintiff was notified that he would be given an unsatisfactory performance rating on December 31,1953, but this was not done at this time. On January 4, 1954, plaintiff had an interview with his supervisor relative to his rating, and on the following day he was given a memorandum outlining his deficiencies. However, the required 90-day notice of an intention to give an employee an unsatisfactory rating not having been given plaintiff, he was given a rating for the period April 26 to December 31, 1953, of “satisfactory * * * pending improvements desired as discussed with employee.”
On February 26, 1954, after a conference with three of his superiors, plaintiff was told that an unsatisfactory rating would be given him, and on March 4,1954, he was given the 90-day notice of the proposal to give him such a rating. This was signed by his three superiors with whom he had conferred on February 26, 1954. On June 24, after the 90 days had run, plaintiff was advised that he had been given an unsatisfactory performance rating, and that, on account of this rating, he would be separated from the service in 30 days.
The Performance Rating Act of 1950 (64 Stat. 1098) provides for a board to review performance ratings upon request. However, the Department of Agriculture, by whom plaintiff was employed, had established a committee within the Department to consider employees’ complaints against the ratings given them. Plaintiff appealed to this departmental *11 committee and had a full hearing before it. The committee upheld the rating. Plaintiff says he was denied counsel of his own choosing at the hearing before this committee; but that is immaterial, since this was an informal committee, not set up by statute, and plaintiff had counsel of his own choosing when a hearing was had on his further appeal to the board set up according to the requirements of the Performance Eating Act of 1950. This board also affirmed the rating.
This 'board consisted of three members, one named by the agency, one by the employee, and one by the Civil Service Commission.
Then plaintiff took an appeal to the Civil Service Commission which upheld plaintiff’s separation from the service based on his unsatisfactory rating. The Board of Appeals and Eeview affirmed.
Plaintiff complains that the Civil Service Commission did not go into the merits of his unsatisfactory rating. Their regulations expressly state that the merits of the action of the statutory Eeview Board set up by the Performance Eating Act will not be reviewed by them, on appeal by an employee from an agency order discharging him because of his unsatisfactory rating. This regulation cannot be sustained in the case of a veteran preference eligible.
So far as performance ratings alone are concerned, the Civil Service Commission is correct in saying that it will not review them; but the Performance Eating Act has nothing to do with discharges from the service. The Lloyd-La-Follette Act of 1912, as to nonveteran employees, and section 14 of the Veterans Preference Act prescribe the prerequisites for discharging an employee in the classified civil service. The Veterans Preference Act of 1944 (58 Stat. 390; 5 U.S.C. 863), the pertinent act in this case, provides, in section 14, that no veteran in the classified civil service “shall be discharged * * * except for such cause as will promote the efficiency of the service and for reasons given in writing, and the person [to be discharged] * * * shall have at least thirty days’ advance written notice * * * stating any and all reasons, specifically and in detail, for any such proposed action; such preference eligible shall be allowed a reasonable *12 time for answering the same * * * and shall have the right to appeal to the Civil Service Commission * * *: Provided, That such preference eligible shall have the right to make a personal appearance, * * *; after * * * consideration of the evidence submitted, the Civil Service Commission shall submit its findings and recommendations to the proper administrative officer * * * and it shall be mandatory for such administrative officer to take such corrective action as the Commission finally recommends: * * *.”
This gives an employee about to be discharged the right to appeal to the Civil Service Commission and to have a hearing on the merits before that body. This right was denied plaintiff. Plaintiff was discharged on the ground that the performance of his duties had been unsatisfactory, but the Civil Service Commission refused to hear evidence on whether or not his services had in fact been of a character that necessitated his discharge “to promote the efficiency of the service”. Section 14 of the Veterans Preference Act expressly says that an employee is entitled to this hearing before the Civil Service Commission.
The Performance Eating Act of 1950 does not expressly repeal this provision of the Veterans Preference Act and it cannot be said to impliedly repeal it, since the two acts are concerned with different things — section 14 of the Veterans Preference Act with discharges, and the Performance Eating Act with the rating of the work of employees.
It will be noted that the Performance Eating Act does not say that an employee receiving an unsatisfactory performance rating must be summarily dismissed from the service. This act states only that an unsatisfactory rating “shall serve as a basis for removal from the position in which such unsatisfactory performance is rendered”. While it may form the basis for a discharge, a discharge does not automatically follow such a rating. It is still necessary to prefer charges against the employee and to follow the procedure prescribed in the applicable statute. Since the Performance Eating Act only makes an unsatisfactory rating the basis for a discharge, there is nothing inconsistent 'between the provisions of that act and the Lloyd-LaFollette Act and the Veterans Preference Act. The Performance Eating Act, therefore, *13 cannot be said to have repealed the procedural safeguards of section 14 of the Veterans Preference Act. That section is still in full force and effect. It gives a veteran employee the right to a hearing before the Civil Service Commission on the merits.
Now, if an agency has on its hands an inefficient veteran employee and chooses to give him an unsatisfactory performance rating, this employee may appeal, first, to the agency review committee and then to the Board of Review set up by the Performance Rating Act. If this latter review board approves the rating given him, this is an end of the matter so far as the employee’s rating is concerned. The agency then must consider what to do with him — demote him, find another job for him, or, perhaps, discharge him. If it decides on the latter course, it must follow the procedure laid down in section 14 of the Veterans Preference Act, the preferring of charges, the opportunity to answer, a hearing, an appeal to the Civil Service Commission and a hearing there on the merits.
It must be admitted that this is a cumbersome and time-consuming process to get rid of an inefficient employee. The answer is that the process in its entirety is unnecessary. It is not a prerequisite to the discharge of an inefficient employee that he first be given an unsatisfactory performance rating. The Court of Appeals for the.District of Columbia so held in Thomas v. Ward, 225 F. 2d 953. The holding is clearly correct.
Miss Perkins, of the Civil Service Commission, in her testimony before the House Committee considering, the Performance Rating Bill, called attention to the misconception in some of the agencies about the necessity of first having an employee’s performance rated as unsatisfactory before discharging him for that reason. She pointed out that, since this was unnecessary, an inefficient employee might be removed fairly promptly by simply preferring this charge against him, supported, of course, by specifications, and following the procedure prescribed by law for the discharge of an employee. [Hearings Before the Committee on Post Office and Civil Service, House of Representatives, 81st Cong. 2d Sess. onH.R. 1824 at pp. 68,69.]
*14 Instead of going through with the elaborate procedure incident to rating the employee “unsatisfactory”, an agency may omit the rating procedure altogether and prefer specific charges of unsatisfactory performance, have the requisite hearing in the agency and then let the employee appeal to the Civil Service Commission and have his hearing there. If the Civil Service Commission approves, the employee may be discharged without going through with any part of the rating procedure. In this way, multiplicity of hearings may be avoided, and an unsatisfactory veteran employee may be removed without too much delay.
The error behind the Civil Service Commission’s regulation, refusing a hearing on the merits on a charge of unsatisfactory performance, where there has been a hearing before the review board set up under the Performance Eating Act — the error in the regulation lies in the failure to recognize that the hearing before the Performance Eating Eeview Board is only in relation to the employee’s rating, and is not concerned with whether or not he should be discharged, whereas, section 14 of the Veterans Preference Act relates to discharges and under it a veteran is entitled to a hearing on the merits before the Civil Service Commission. At any rate, the regulation being plainly contrary to the provisions of section 14, it cannot be upheld.
Plaintiff has been removed without compliance with the requirements of section 14 of the Veterans Preference Act and, hence, his removal was unlawful and he is entitled to recover the pay of which he has been deprived.
Defendant’s motion for summary judgment is denied. Plaintiff’s similar motion is granted and the case is remanded pursuant to rule 38 (c) to determine the amount due plaintiff.
It is so ordered.
LittletoN, Judge {Bet.), and LaRAmoke, Judge, concur.
MaddeN, Judge, took no part in the consideration and decision of this case.