Civilian pay; dismissal; reduction in grade; measure of recovery — overtime—regularly scheduled. — Plaintiff sued to recover overtime compensation which he claimed would have accrued to him during two periods of illegal separation and one period of illegal reduction in grade, each personnel action having been followed by reinstatements ordered by the Civil Service Commission. In an opinion rendered February 3, 1960, the court held that plaintiff was entitled to recover overtime calculated on the basis of the average amount of overtime which he worked during the year prior to his first *867 discharge, the amount to be determined in further proceedings pursuant to Rule 38(c). On October 5, 1960, plaintiff filed a motion for permission to file an amended petition to be based on matters of which he was unaware when the original petition was filed and seeking to recover overtime pay for overtime hours which had been regularly scheduled for the position from which he was separated. On November 25, 1960, the court issued an order pursuant to Rule 54 setting aside the judgment of February 3, 1960, and vacating and withdrawing the opinion of that same date and granting plaintiff permission to file the amended petition. The amended petition was filed on December 23,1960. On March 15,1961, the parties filed a stipulation for entry of judgment based on plaintiff’s agreement that he would accept the sum of $2,000 in full settlement of all claims set out in his petition and in the amended petition. On March 24, 1961, the court issued an order entering judgment based on the stipulation in favor of plaintiff for $2,000.
The vacated opinion of February 3,1960, follows:
ROY W. LOCKWOOD v. THE UNITED STATES
[No-. 249-58. Decided February 3,1960] *
Mr. Olaude L. Dawson for the plaintiff.
Mr. Thomas J. Lydon, with whom was Mr. Assistant Attorney General George Cochran Doub, for the defendant. Mr. Cyril Moscow was on the brief.
our plaintiee’s and dependant’s motions por summary JUDGMENT
Per Curiam :
The plaintiff sues to recover overtime compensation which, he says, would have accrued to him during three periods.[1] During two of those periods he was illegally separated from his employment,'and during the third period he was illegally demoted in grade. In each of the three *868 situations be appealed to the Civil Service Commission which sustained his appeal and ordered him reinstated.
Section 6(b) (2) of the Act of June 10, 1948, 62 Stat. 354, 355, as it appears in 5 U.S.C. 652(b) (2) reads as follows:
Any person who is discharged, suspended,_ or furloughed without pay, under section 863 of this title, who-, after answering the reasons advanced for such discharge, suspension, or furlough or after an appeal to the Civil Service Commission, as provided under such section, is reinstated or restored to duty on the ground that such discharge, suspension, or furlough was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such discharge, suspension, or furlough for the period for which he received no compensation with respect to the position from which he was discharged, suspended, or furloughed, less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period.
The plaintiff was paid the straight-time compensation which he had lost because of his two discharges and his demotion.
The plaintiff was a supervisory firefighter, grade GS-9, at the time of his discharges and demotion. One Clarence D. Davey was, during the time that the plaintiff was deprived of his position, placed in it. Davey was given, in addition to the straight time salary of the position, overtime work for which he was paid some $6,000. The plaintiff says that the overtime work went with the position, and that if he had not been deprived of the position he would have received the overtime work and the $6,000. He therefore says that under the 1948 Act quoted above he is legally entitled to the $6,000.
The statute, as we have seen, says that one entitled to its benefits
* * * shall be paid compensation at the rate received on the date of such discharge * * *
The overtime rate applicable to the plaintiff’s position as a GS-9 supervisory firefighter was just as much his rate of pay as the straight time rate. It was set by statute or valid *869 administrative action and could no more be legally departed from than the straight-time rate.
The Government cites a number of our cases, and quotes from O'Brien v. United States, 138 Ct. Cl. 296, 299-300, in which this court denied in-grade promotions and statutory increases to persons entitled to recover under the 1948 Act. These decisions have no bearing on the instant problem. The rates there in dispute were not rates “received on the date of such discharge.” They were new rates set by Congress or by the passing of time, satisfactory service and administrative action. The overtime rates in question in the instant case were the very rates which existed at the time of the discharge.
An argument that the plaintiff did not work the overtime proves too much. He did not work the straight time either because he was illegally prevented from doing so. Congress has said that he should be paid, though prevented from working, at the rate received at the date of the discharge.
If it is suggested that he might not have been given the overtime work, though the supervisor who filled his position was given it, we find it hard to imagine why he would not have been given it except for the attitude of his superiors which produced two illegal discharges and one illegal demotion. If there was a better reason, it should be brought forward.
If it is suggested that he would not have been willing to work the overtime, that is a suggestion to speculate. As to the straight time, he might have gotten sick, he might have quit, he might have done something to justify a legal discharge.
The plaintiff is entitled to be paid for overtime calculated on the basis of the average amount of overtime which he worked during the year immediately preceding his first discharge, and judgment is entered to that effect. Plaintiff’s motion for summary judgment is therefore granted to that extent, and defendant’s similar motion is denied. The amount of recovery will be determined in further proceedings pursuant to Eule 38 (c).
It is so ordered.

 Vacated and withdrawn by order of November 25,1960.

 A second cause of action in the petition was withdrawn by plaintiff in open court.