Whitaker, Judge, dissenting in which Barksdale, District Judge,
sitting by designation, joins:
I cannot agree with the majority. When plaintiff was employed there was no agreement that he shonld work any definite amount of overtime, or any at all. He was employed as a supervisory firefighter, the rate of compensation for which position did not include any overtime. Under the statute he was entitled to demand this rate of compensation, but he was not entitled to demand that he be allowed to work overtime and to receive overtime pay. He received pay for overtime only as it was ordered from time to time. So far as we know, no overtime might be ordered; certainly we do not know in advance how much; in one year it might be more or less than in another. It was not a fixed amount. His rate of compensation on the date of his discharge is what defendant agreed to pay him for straight time. It did not include amounts which events subsequent to the date of his discharge showed he might have earned. The judgment of the majority allows him to recover what he might have earned, not what the Government was obligated to pay him.
We have consistently held, in interpreting the 1948 amendment to the Lloyd-LaFollette Act, that the amount of recovery is limited to the rate of pay, at the time of discharge, for the position held by the employee. Pechette v. United States, 145 Ct. Cl. 189; O’Brien v. United States, 138 Ct. Cl. 296. This means that the amount of salary which the employee is entitled to recover is measured by the amount to which the employee had an enforceable right at the time of discharge. Thus, an illegally discharged employee is not entitled to recover periodic step increases or statutory pay increases which he might have received, because he was not entitled to them at the date of his discharge. The same reasoning is applicable to the recovery of overtime pay. The mere fact that a civil servant occupies a certain position in the Government does not give him an enforceable right to demand pay for overtime which he may or may not render. No such right exists. Therefore, it cannot be stated that overtime pay is “compensation * * * with respect to the *871 position from which he was discharged.” Overtime pay is compensation for overtime worked by an employee and is not in any way an integral part of the compensation of a particular job.