Davis, Judge,
dissenting:
Unlike the court, I find that the Civil Service Commission abused its discretion when it refused the plaintiff the right to reinstate his appeal to that body. The regulation (5 C.F.E. § 22.305) provided for the reopening of a “closed appeal”, in the Commission’s discretion, “upon a showing that circumstances beyond the control of the appellant prevented him from prosecuting the appeal.” The Commission’s Board of Appeals and Beview read this, too narrowly, *254 as requiring proof that plaintiff was actually prevented by external forces from prosecuting his appeal. The regulation, in my opinion, is not restricted to such outside obstacles or pressure, but also encompasses all events which reasonably induce an employee, acting responsibly, to forego his appeal. The regulation’s reference to circumstances beyond the control of the appellant was designed to deter careless action, not to demand the intervention of an inexorable force as the only excuse for dropping an appeal. If a careful employee was hampered in making an intelligent choice to proceed with his appeal, that is a sufficient “circumstance beyond his control.” Cf. Martin v. United States, 238 F. 2d 245, 248 (C.A. 7, 1956); Klish v. United States, 308 F. 2d 371, 373, 374 (C.A. 5, 1962). A procedural regulation of this type — directed to the all-important right of appeal— should be read liberally rather than severely. Cf. Moran Bros. Inc. v. United States, 171 Ct. Cl. 245, 250, 346 F. 2d 590, 593 (1965) ,[1]
This plaintiff reasonably believed, from his conversations with Dr. Buchanan, that in all probability he could and would continue to work for the Department of Agriculture-in some other post. If that were so, there would be little point, he could well believe, in pressing to overturn his initial removal. He wrote the Commission that he wished to-drop his appeal “as a result of an offer of new employment”' in the Department of Agriculture. This technically overstated his situation but truly represented, in substance, his understanding of what the future would bring — that in practical effect he had been assured of reemployment. The Commission discovered, at once, from the Department that no such promise of reemployment had been made, but nevertheless closed the appeal without telling or intimating to plaintiff that he was mistaken or overly sanguine. The Department, which was told of the request to drop the appeal, was equally silent. When the attempt to find reemployment for plaintiff finally failed after some six months of effort,[2] he- *255 naturally wanted to reinstate bis appeal. Tbe Department did not oppose this request. I can see no adequate reason wby it should have been rejected, if tbe regulations were correctly interpreted. It seems plain to me that plaintiff acted reasonably and responsibly when he asked to drop tbe appeal because of the Department of Agriculture’s efforts to keep him on the payroll. Under a proper reading of tbe Commission’s regulation, that is enough to call for ■reopening.
Since tbe Commission exceeded its discretion in denying reopening, and thereby deprived plaintiff of his statutory right to an appeal to the Civil Service Commission, I would .grant judgment for plaintiff on the principle that a federal employee who has been divested of a procedural right is entitled to recover back pay without consideration by the •court of the merits of the reasons for the discharge. Chisholm v. United States, 149 Ct. Cl. 8 (1960); Garrott v. United States, 169 Ct. Cl. 186, 198, 340 F. 2d 615, 622 (1965), and cases cited. If the Agriculture Department still feels that plaintiff should be removed, it can bring new proceedings.

 The court can properly Interpret for Itself the Commission’s regulation, and decide that it should be read less strictly than the Commission has done. See Williams v. Zuckert, 371 U.S. 531, 372 U.S. 765 (1963).

 The Commission indicated that it did not object to the Department’s rehiring of plaintiff if a suitable position could be found.