**Sadie HAINE, Plaintiff,**

**v.**

**James GOOGE, Director of the Second United States Civil Service Region of the United States Civil Service Commission, and John W. Macy, L. J. Andolsek and Robert E. Hampton, Commissioners of the United States Civil Service Commission, Defendants.**

United States District Court
S. D. New York.

Dec. 14, 1965.

**350**

Elmer Fried, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty. for the Southern Dist. of New York, New York City, for United States, John R. Horan, Asst. U. S. Atty., of counsel.

WEINFELD, District Judge.

The defendants, members of the United States Civil Service Commission and the Director of the Second Civil Service Region, move for summary judgment in this action by plaintiff for a writ of mandamus to compel them to entertain her appeal from a decision which in effect terminated her employment. They have refused to hear the appeal on the ground that plaintiff voluntarily separated herself from government service and consequently is not entitled to appeal.

The issue centers about a voluntary resignation submitted by plaintiff, which she withdrew before its effective date and before action was taken upon it. Plaintiff, a veteran, was employed as a detention officer in the New York office of the Immigration and Naturalization Service. On Friday, June 26, 1959, she submitted her resignation, to take effect July 11, 1959. Over the weekend she reconsidered, and on Monday morning, June 29, before any action had been taken, filed a written withdrawal of the resignation, requested that it "be destroyed" and stated that it had been based on "emotion rather than reason." No response was made to the withdrawal notice, but on July 10 the District Director of the Immigration Service sent her a telegram that her resignation would take effect July 11, "notwithstanding [her] withdrawal request." And so her employment was terminated.

Plaintiff promptly appealed to the Regional Director of the Civil Service Commission, who declined her appeal on the ground that her resignation was voluntary and that it foreclosed to her the procedural and protective provisions of section 14 of the Veterans' Preference Act.[1] His ruling was upheld by the Civil Service Commission Board of Appeals and later by the Commission itself on the ground that her resignation was binding unless the employer consented to its withdrawal. She then commenced an action against the Regional Director for a declaratory judgment that such consent was not required. That suit was dismissed for failure to join the members

1. 58 Stat. 390–391 (1944); 5 U.S.C. § 863.

of the Civil Service Commission as indispensable parties.[2]

The present suit seeks to afford plaintiff the administrative appellate process provided by the Veterans' Preference Act. The basic issue is whether a resignation submitted by a Civil Service employee may be withdrawn prior to its stated effective date and prior to agency action upon it without the consent of the agency, where neither a statute nor an authorized agency rule or regulation requires such consent.[3] If plaintiff's withdrawal of her resignation was effective, then her separation from government service constituted a discharge and she was entitled to the benefit of the Veterans' Preference Act;[4] if the withdrawal was ineffective, then plaintiff had no right to the procedural and appellate review thereunder.[5]

██ Counsel for the parties have not submitted, nor has independent research

brought to light, controlling authority upon the factual situation here presented.[6] In the absence of statutory provisions or controlling authority, common law cases may give direction to the issue of whether a governmental employee's resignation may be effectively withdrawn prior to acceptance.[7] At common law the rule was that a public officer could withdraw his resignation at any time prior to its acceptance or other action indicating acceptance.[8] This rule was a corollary of the rule that a public officer whose resignation had been submitted but not yet acted upon remained under a duty to perform the functions of his office.[9] "This was required in order that the public interests might suffer no inconvenience for the want of public servants to execute the laws."[10]

If, as appears, the underlying rationale of the common law cases is that the public interest requires that an officeholder

2. Haine v. Googe, 188 F.Supp. 627 (S.D. N.Y.1960), aff'd 289 F.2d 931 (2d Cir. 1961).

3. On September 17, 1959, almost three months after the current incident, rules governing voluntary resignation were promulgated. See U.S. Civil Service Comm'n, Federal Personnel Manual, chapter 715, subchapter 2, § 2–3(a) (2), which provides: "A resignation is binding on the employee once he has submitted it. However, the agency may, in its discretion, permit an employee to withdraw his resignation at any time before it has become effective." Since this regulation was promulgated subsequent to the dates here involved, its validity is neither at issue nor passed upon.

4. Cf. Paroczay v. Hodges, 219 F.Supp. 89 (D.D.C.1963).

5. Cf. Competello v. Jones, 105 U.S.App. D.C. 412, 267 F.2d 689 (1959).

6. Rich v. Mitchell, 106 U.S.App.D.C. 343, 273 F.2d 78 (1959), cert. denied, 368 U.S. 854, 82 S.Ct. 91, 7 L.Ed.2d 52 (1961), and Competello v. Jones, 105 U.S. App.D.C. 412, 267 F.2d 689 (1959) are distinguishable, since both involved resignations which had been accepted prior to the time when the employees attempted to with draw them. O'Brien v. United States, 151 F.Supp. 282, 138 Ct.Cl. 296 (1957) presents a somewhat closer situation. There a Civil Service employee's resignation was refused by his superior. Thereupon the employee withdrew it. The withdrawal was found effective. The Court, however, did not indicate whether the withdrawal was effective solely because the resignation had previously been rejected, or because the employee had the absolute right to withdraw it.

7. See Sawyer v. City of San Antonio, 149 Tex. 408, 234 S.W.2d 398, 401 (1950).

8. Commonwealth ex rel. Wootton v. Berninger, 255 Ky. 451, 74 S.W.2d 932, 95 A.L.R. 213 (1934); Dostie v. Board of Mayor & Aldermen, 114 Me. 62, 95 A. 353 (1915); Sawyer v. City of San Antonio, 149 Tex. 408, 234 S.W.2d 398, 401 (1950); State ex rel. Bell v. County Court, 141 W.Va. 685, 92 S.E.2d 449, 451 (1956). Cf. In re Fidelity Assur. Ass'n, 42 F.Supp. 973, 983 (S.D.W.Va.1941), rev'd on other grounds sub nom., Sims v. Fidelity Assur. Ass'n, 129 F.2d 442 (4th Cir. 1942), aff'd, 318 U.S. 608, 63 S.Ct. 807, 87 L.Ed. 1032 (1943).

9. Edwards v. United States, 103 U.S. 471, 26 L.Ed. 314 (1880); Sadler v. Jester, 46 F.Supp. 737, 740 (N.D.Tex.1942); United States ex rel. Watts v. Justices, 10 F. 460, 464 (W.D.Tenn.1882).

10. Edwards v. United States, 103 U.S. 471, 474, 26 L.Ed. 314 (1880).

cannot shed his duties without acceptance, then it follows as a matter of simple fairness that the officeholder, prior to acceptance of a tendered resignation, should have the correlative right to change his mind and retain his office. And such a policy is not contrary to the public interest. If plaintiff's services were unsatisfactory, there were available to the agency statutory procedures for her separation from service consistent with such rights to which she was entitled as a veteran.[11] On the other hand, if her services were satisfactory, the public interest is not advanced nor efficiency of service necessarily achieved by requiring the consent of the agency in order to permit her to withdraw her unacted-upon resignation.

While the circumstances which give rise to the resignation and its cancellation are without relevance to the basic legal issue here presented, they are not without interest. Plaintiff's explanation is that she had been ordered to take into custody a female alien convicted of a narcotics law violation; that she protested that this was contrary to the Service security regulations which required that in such a case a female detention officer be accompanied by a male officer; that despite her protest she was directed to carry out the assignment, which she did, and in protest against the procedure thereafter submitted her resignation, followed by her change of mind after weekend reflection. Of course we do not pass upon the verity of her explanation. But the fact is that those in government service are subject to the same whims, caprices, emotions and foibles as other humans. They act under the same impulses. The plaintiff's resignation, which was promptly withdrawn and which had been tendered under emotional stress, whether brought on by pressure of duty or resentment toward a superior, or whatever the cause, should not be held to constitute an irrevocable act or one of which she can be relieved only by the consent of the agency.

■ The Court concludes, upon the facts here presented, that the plaintiff, as a matter of law, had the right to withdraw her resignation before it was accepted, and that her request for its destruction rendered it ineffective; that the refusal to give effect to her right to withdraw the resignation constituted agency action which separated her from the Service contrary to her rights under the Veterans' Preference Act.

■ Accordingly, the government's motion for summary judgment is denied. However, summary judgment in favor of the plaintiff [12] granting her the requested relief is precluded, since the government pleads the defense of laches, which presents fact issues requiring determination.

11. See 5 U.S.C. §§ 863, 2005. See generally, Chisholm v. United States, 149 Ct.Cl. 8 (1960).

12. While the plaintiff did not cross-move for summary judgment, a cross-motion is not required. See Local 33, Int'l Hod Carriers, etc., Union of America v. Mason Tenders Council, 291 F.2d 496, 505 (2d Cir. 1961); Bell v. Waterfront Comm'n, 183 F.Supp. 175, 178–178 (S.D. N.Y.), aff'd, 279 F.2d 853 (2d Cir. 1960); Dickhoff v. Shaughnessy, 142 F.Supp. 535, 542 (S.D.N.Y.1956); 6 Moore, Federal Practice ¶ 56.12, at 2088–89 (2d ed. 1953).