Nichols, Judge,
delivered the opinion of tlie court:
Plaintiff James E. Jones, a civilian employee of the United States Army Materiel Command (AMC) brings this action to recover losses incurred by him as a result of his reduction in grade from the position of supervisory contract specialist — GS-15, step 6, to the position of commodity program management specialist — GS-14, step 10, with salary retention rights for two years. This was done in course of a reduction in force associated with a reorganization. We have jurisdiction under 28 U.S.C. § 1491.
Plaintiff has contended that his reduction in grade was improper because: 1.) the “competitive levels” used in the reduction in force were unduly restrictive, 2.) in the reorganization an excessive number of supervisory positions were reserved for military incumbents, leaving too few for civilians at the GS-15 level, and 3.) the Army, in violation of its own regulations relied on evidence of an ex parte nature made available some six months after the oral hearing of his administrative appeal. We consider only the latter contention in arriving at our decision. The two former are not urged before us except as background. The relevant facts are as follows:
Mr. Jones accepted his reduction in grade under protest and on May 25,1970, filed an appeal through the Commanding General to the Chief of Staff, seeking restoration to a GS-15 position in the Directorate of Eequirements. His ap *546 peal was referred to a Grievance Examiner. The function of the Grievance Examiner in cases such as this is to hear evidence and on the basis of such evidence to provide the agency with a recommended decision. Such decision is not binding on the agency. However, as we shall later see in detail, the agency acts on evidence developed by the Grievance Examiner in its disposition of the case. The right of the plaintiff to challenge the policies reflected in issues 1.) and 2.) in the grievance procedure was not contested at any point and must be assumed here.
The Grievance Examiner held a formal hearing on October 21-22, 1970, at which Messrs. Bowman and Schaeffer were produced and testified for the defendant, saying that the position or positions plaintiff claimed a right to were earmarked for military personnel in the AMC reorganization in order to provide a “rotation base” which was necessary to satisfy the training requirements of such personnel. The Report of the Grievance Examiner, dated April 20, 1971 stated that the evidence considered therein had been developed through correspondence, personal interviews, personnel records, and telephone communications as well as the formal hearing. On the basis of such evidence the report concluded that: (1) Mr. Jones’ reduction in grade was the result of unduly restrictive competitive levels, (2) that the additional military positions were properly established, and (8) that due to a procedural error in the reduction in force notice, plaintiff should receive a 15 day extension of time to appeal to the Civil Service Commission (CSC) commencing upon his receipt of an amendatory notice advising him of such right. This was never done but the omission is not heavily relied on here and need not be considered further.
The Grievance Examiner’s Report of Inquiry was referred to the Deputy Chief of Staff for Personnel who had the responsibility of deciding the case. By letter dated April 20, 1971, his office asked AMC to provide further justification for each of the positions converted to military occupancy in the reorganization since the Report of Inquiry did not establish that each individual position was necessary for purposes of providing a “rotational base”.
*547 Mr. Robert Velthuis, Chief Civilian Personnel Officer responded for AMC. He stated that the “rotational base” justification advanced by the defendant’s witnesses at the hearing was the result of a misunderstanding on their part. Mr. Velthuis justified the designation of the positions in question for military occupancy on the grounds that these were “key procurement positions” within the meaning of Department of the Army Regulations, AR 614-133. Since such information was not known to the plaintiff or the Grievance Examiner at the time of the hearing, the case was remanded to the Grievance Examiner.
Upon receipt of a copy of Mr. Velthuis’ letter, furnished to him for comment, Mr. Jones objected to the attempt to reopen the case for the introduction of new evidence in a letter dated June 8, 1971, which read in part as follows:
b. The new information requested by ACSFOR is the same information that I requested in my letters of 27 and 29 April 1970, and again at the hearing. Management did not provide the information in response to my request and should not be permitted to introduce it now.
c. DCSPER’s remand is based upon information furnished by 1st Indorsement from Civilian Personnel Office, AMC dated 30 April 1971 signed by Robert Velthuis. Mr. Robert Velthuis was not sworn as a witness at the hearing attending the appeal nor does the indorsement show that the information contained therein represents Mr. Velthuis personal knowledge. Mr. Velthuis was available at the time of hearing. He could have testified and subjected himself to cross examination. Instead he designated Mr. Bowman to represent AMC. Furthermore, the Civilian Personnel Office at all times since the close of the hearing has had a complete set of the grievance record and never pleaded error until the case was remanded by DCSPER, 21 May Í971. Their request to respond at this late date would violate my right to a fair and impartial hearing and decision on the merits of my appeal. If Mr. Velthuis’ statement is to be considered, I must be allowed an opportunity to meet and rebut this new challenge.
d. If the case is reopened over my objections I would expect and request that those officials that made the decisions as to the positions to be filled by military personnel, be called to testify as to the need, justification and basis for their decision in each case. I would also expect and *548 request that the members of the HQ Reorganization Committee mentioned in the 1st Indorsement, dated 30 April 1971, be identified and called as witnesses.
e. Repeated efforts on my part, both before and during the hearing, to identify and have available for questioning, the personnel that made these decisions, produced only two names, Mr. Bowman of the Civilian Personnel Office and Mr. Schaeffer of the Manpower Office. Both of these stated that they could speak with authority on this matter. The transcript of the hearing contains some 10 or 12 pages of testimony on the question of military positions, all of which indicates that the need for a rotational base was the basis for the decision. It now appears from the statements in the 1st Indorsement, dated 30 April 1971, that the rotation base and training requirements had no bearing on the decision but that the real reason was the fact that the positions met the criteria for designation as Key Procurement Position under AR 614r-133. To this extent, Mr. Velthuis’ statement appears to impeach the testimony of his own representative.
* * * * *
4. From the foregoing it should be quite apparent now that the decision to place military personnel in the positions in question was an arbitrary one based solely on someone’s desire to place all of the military personnel assigned to the Directorate vin key positions, DOD and DA policy to the contrary notwithstanding. DCSPER letter of 20 Apr 71 supports this conclusion.
5. This case should not be reopened but should 'be decided on its merits without further delay. I submit that the information now available warrants an immediate decision in my favor.
James E. Jones
The Grievance Examiner proceeded to consider the new evidence without reopening the hearing, and filed an Amendment to the Report of Inquiry. He found that the “rotational base” testimony of Mr. Schaeffer and Mr. Bowman at trial was more credible than Mr. Velthuis’ post hearing justification of the military slots as “key procurement positions”. The report went on to conclude that the “rotational base” justification was contrary to regulations and that therefore the Division and Branch Chief positions should be reassigned to civilians, one of whom should be the plaintiff.
Following the issuance of the Amendment to the Report of Inquiry, Mr. Velthuis; by letter dated'June 28, 1971, fur *549 nished the office of the Deputy Chief of Staff for Personnel with comments on the Grievance Examiner’s amendments which were intended to clarify his earlier post hearing letter. This communication was never disclosed to the Grievance Examiner or to the plaintiff.
Plaintiff was informed of the Department of the Army’s decision by a letter dated August 9,1911, from D. S. Euben-stein, Acting Director of Civilian Personnel. The decision upheld Mr. Jones’s reduction in grade concluding that: a. the competitive levels used were not unduly restrictive, 'b. that the additional military positions were justified as “key procurement positions”, and c. that there was no procedural error in the reduction in force notice. Plaintiff appealed this decision to the Secretary of the Army who affirmed it by letter dated November 9,1971.
We conclude that the Department of the Army’s decision suffers from the fatal flaw of failure to comply with the applicable procedural regulations relating to evidence utilized as the basis of decision. The relevant section of defendant’s Grievance and Appeal Procedures, CPE E.2, revised June 1962, provides as follows:
APPENDIX I
* * * * *
6. HEARING Procedures. * * *
b. The Grievance Examiner will advise participants as follows:
sfs íJj >¡« sfc
(2) Of their obligation to—
(b) Introduce all evidence or other testimony at the hearing. In this connection, it is important for all persons to be advised that no pertinent evidence should be withheld since in case of review by high authority, such review is made on the basis of the original record, unless new evidence not possessed at the time of the hearing is subsequently introduced.
* ❖ * * *
The Department of the Army violated this regulation by using Mr. Velthuis’ post hearing justification of the additional military positions as “key procurement positions” as *550 the basis of its decision. Such evidence could not be considered on the basis of the exception in the regulation concerning evidence not possessed at the time of the hearing since this was not the situation. Such evidence was available at the time of the hearing before the Grievance Examiner, as was Mr. Velthuis. It was apparently just more convenient to send subordinates who testified, but who proved to be ill informed about the policies involved. In fact, plaintiff had requested, prior to the hearing, that he be provided with all pertinent data justifying the 13 specified positions for military as opposed to civilian occupancy, a matter which was vital to the determination of his case and which should have been provided him under the Army’s discovery regulations pertinent to civilian grievances and appeals. CPE. E-2, §§ 5c.; 5d.(l) (1962).
Defendant in effect repudiated its witnesses at the hearing and proposed a disposition of the case on grounds unknown to them. Assuming arguendo it had inherent power to reopen an obviously defective and insufficient investigation, it should have reopened the proofs and given plaintiff the same opportunity to cross examine the new witness Velthuis that he had exercised with respect to the repudiated ones.
The procedural irregularity spares us the necessity of considering plaintiff’s other arguments since such defect renders an adverse personnel action, such as plaintiff’s reduction in grade, void ah initio. Service v. Dulles, 354 U.S. 363 (1957); Vitarelli v. Seaton, 359 U.S. 535 (1959); Greene v. United States, 376 U.S. 149 (1963); Chisholm v. United States, 149 Ct. Cl. 8 (1960); Garrott v. United States, 169 Ct. Cl. 186, 340 F. 2d 615 (1965).
This is not an instance of a court relying on a mere technicality in arriving at its result. Defendant need not have opened up its policies respecting administrative slots for its uniformed personnel, to this kind of inquest, but having-done so, it had to adhere to its commitment. Defendant’s regulation requiring a decision based solely on the record is an administrative promulgation of a procedural right long recognized as essential to our Anglo-American system of justice. Although the Army personnel officers involved, no doubt acted in good faith (as personnel officers usually do), *551 we would be making a mockery of administrative adjudication should we arrive at a different result in this case.
The defendant’s cross motion for summary judgment is denied. The plaintiff’s motion for summary judgment is allowed. Judgment is entered for the plaintiff. The determination of the amount of recovery is reserved for further proceedings in accordance with Eule 131 (c).